[No. 34185-9-II.   Division Two.   October 30, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL E. ASHBY, *Appellant*.

*Michael E. Ashby*, pro se.

*Gerald A. Horne, Prosecuting Attorney*, and *Michelle Hyer, Deputy*, for respondent.

¶1 BRIDGEWATER, J. — Michael E. Ashby appeals the trial court's imposition of appellate costs under RCW 10.73.160,

after we dismissed his personal restraint petition challenging his earned early release time. We reverse the trial court's imposition because his appellate costs under RCW 10.73.160 are "limited to expenses specifically incurred by the state in prosecuting or defending an *appeal or collateral attack from a criminal conviction or sentence.*" RCW 10.73-.160(2) (emphasis added). Because he did not appeal or collaterally attack his 1990 criminal conviction or sentence, we reverse the trial court's award of appellate costs.

FACTS

¶2 In June 2004, we dismissed Ashby's personal restraint petition, in which he claimed that his restraint was unlawful because the Department of Corrections (DOC) failed to credit him with earned early release time that he accrued while in the Pierce County jail. We concluded that "Ashby has failed to show that the jail certification was incorrect. Unlike at trial, the burden of proof is on the petitioner to demonstrate that an error has been made." CP at 8.

¶3 In March 2005, we issued our certificate of finality, which, among other things, awarded appellate costs of $125 to the State. Pierce County filed a motion with the trial court "for an order adding appellate costs to the judgment and sentence." CP at 23. In response, Ashby filed a motion for temporary removal and transport from DOC to the trial court and a motion for remission and/or modification of the appellate costs.

¶4 Meanwhile, in June 2005, Ashby filed a complaint with DOC, saying that he was "very concerned" that the savings balance of his inmate trust account had decreased from $145.50 in May to $20.50 in June. CP at 45. DOC explained that it had placed a $125 hold on Ashby's inmate trust account, explaining, "This is in reference to a court

case you lost and the [Attorney] General is requesting a fee for court costs." CP at 45.[1]

¶5 In August 2005, the trial court denied Ashby's motions, finding that he did not have a right to be present at the hearing and that any remission of the payment of costs would be premature, as Pierce County had yet to enforce the judgment for costs. The trial court ordered that

> appellate costs in the amount of $125.00 shall be added to the legal financial obligations listed in the Judgment and Sentence to be paid by the defendant. All other terms and conditions of the original Judgment and Sentence shall remain in full force and effect as if set forth in full herein.

CP at 32-33. Shortly thereafter, Ashby filed a notice of appeal from the trial court's order.[2]

¶6 Ashby also filed another motion for remission of the appellate costs. Within this motion before the trial court, he claimed that Pierce County had proceeded to enforce the judgment for appellate costs of $125 when DOC had placed a $125 hold on his inmate trust account. And he claimed that under RAP 3.1 he was an aggrieved party and had a right to seek review under RAP 2.2(a)(1).[3] He also sought an inquiry into whether he was able to pay.

¶7 Finally, Ashby filed with the trial court a motion for arrest of judgment under CrR 7.4(a)(3)[4] for what he termed "[i]nsufficient [p]roof of a material element of the crime, and/or ability to pay court order[ed] costs." CP at 39. Again, within this motion before the trial court, he claimed that

---

[1] According to attachments to DOC policy 200.000, it appears that the orders are received from the Attorney General's Office. *See* Deductions, Attach. to DOC Policy 200.000 (updated Oct. 2003), *available at* http://www.doc.wa.gov/Policies/default.aspx?show=200 (last visited Oct. 17, 2007).

[2] Because Ashby failed to pay a filing fee or file an order of indigency, this court dismissed his appeal.

[3] But besides having DOC place a $125 hold on his inmate trust account, it appears that Pierce County took no further action to enforce the judgment for appellate costs of $125 until September 2005.

[4] Under CrR 7.4(a)(3), "Judgment may be arrested on the motion of the defendant for . . . insufficiency of the proof of a material element of the crime."

Pierce County had proceeded to enforce the judgment for appellate costs of $125 when DOC had placed a $125 hold on his inmate trust account. And he claimed that Pierce County had proceeded without any inquiry into whether he was able to pay. Thus, he claimed that under RAP 3.1 he was an aggrieved party and had a right to seek review under RAP 2.2(a)(1).

¶8 In September 2005, the trial court concluded that Ashby's motion for arrest of judgment under CrR 7.4(a)(3) and Ashby's motion for remission of the appellate costs established a basis for further consideration.[5] After directing Pierce County to file a response, the trial court indicated that it would review Pierce County's response and decide whether a hearing was necessary.

¶9 In October 2005, Pierce County argued in its response that (1) Ashby's motion for arrest of judgment under CrR 7.4 was untimely and failed to articulate a basis for relief and (2) Ashby's motion for remission of the appellate costs failed to show that he was an aggrieved party. Specifically, Pierce County concluded:

> Thus, there is nothing in defendant's supporting evidence to show that the $125.00 currently on hold is connected to costs imposed in this Pierce County cause number. The amount may pertain to an unsuccessful personal restraint petition that was filed against the department of corrections on a different conviction, or it may be that the hold was in reference to the order adding appellate costs that was entered by this court on December 3, 2004. However, it is defendant who is seeking remission and who must show that the funds are being collected with regard to this Pierce County cause number in order to show that he is an aggrieved party under this cause number. Defendant does not provide documentation to show that was the case. . . . Defendant has not provided evidence that the

---

[5] The trial court treated these motions as a CrR 7.8 motion.

State has actually collected any costs stemming from this Pierce County cause number.

CP at 70-71.[6]

¶10 In October 2005, the trial court denied Ashby's motion for arrest of judgment and Ashby's motion for remission of the appellate costs. Thereafter, Ashby filed a "MOTION FOR EXTENSION OF TIME TO FILE MEMORANDUM OF LAW AND COMBINED REPLY TO COUNTY'S RESPONSE TO MOTION FOR REMISSION OF APPELLATE COSTS." CP at 81-83. The trial court treated this motion as a motion for reconsideration and gave the State an opportunity to respond. Pierce County declined to respond.

¶11 Then, in November 2005, Ashby filed a motion to vacate his judgment under CrR 7.8(b)(4) and (5).[7] Among other things, Ashby argued that the trial court did not have authority to require him to pay appellate costs of $125 under RCW 10.73.160(1) and (2),[8] as his personal restraint petition was neither an appeal nor a collateral attack from a criminal conviction or sentence. Rather, in his personal restraint petition, Ashby had claimed that his restraint was unlawful because DOC failed to credit him with earned early release time that he had accrued while in the Pierce County jail.

¶12 Nevertheless, the trial court denied Ashby's motion for reconsideration and Ashby's motion to vacate his judgment. Ashby appealed.

---

[6] But as of September 23, 2005, DOC no longer placed a $125 hold on Ashby's inmate trust account. Instead, DOC listed the $125 as an "amount paid" under Ashby's "DEBTS AND OBLIGATIONS." CP at 141. In fact, DOC listed the $125 as "COSTS, SANCTIONS, AND ATTORNEY FEES" under "INFO NUMBER" 31152-6-II, the personal restraint petition that we dismissed in June 2004. CP at 21, 141.

[7] Under CrR 7.8(b)(4), the trial court may relieve a party from a final judgment, order, or proceeding if the judgment is void. Under CrR 7.8(b)(5), the trial court may relieve a party from a final judgment, order, or proceeding for any other reason justifying relief from the operation of the judgment.

[8] Under RCW 10.73.160(2), "Appellate costs are limited to expenses specifically incurred by the state in prosecuting or defending an appeal or collateral attack from a criminal conviction or sentence or a juvenile offender conviction or disposition."

## ANALYSIS

¶13 Among other things, Ashby argues that the trial court erred in denying his motion to vacate. He claims that the trial court had no authority under RCW 10.73.160 to add appellate costs to his judgment and sentence. Pierce County responds that Ashby did not raise this issue below and that the trial court's order is not properly before this court. But clearly Ashby raised this issue before the trial court in his motion to vacate and in his memorandum of law in support of his motion to vacate.[9] We agree with Ashby that the trial court lacked authority under RCW 10.73.160 to add appellate costs to his judgment and sentence.

¶14 Normally, we would review a trial court's decision to vacate a judgment under CrR 7.8(b) for an abuse of discretion.[10] *See State v. Ellis*, 76 Wn. App. 391, 394, 884 P.2d 1360 (1994); *State v. Aguirre*, 73 Wn. App. 682, 686, 871 P.2d 616, *review denied*, 124 Wn.2d 1028 (1994). But this appeal mainly raises the question of whether the trial court based its decision on an erroneous view of the law.

¶15 "The choice, interpretation, or application of a statute to a set of facts is a matter of law reviewed de novo." *State v. Law*, 110 Wn. App. 36, 39, 38 P.3d 374 (2002). In other words, we review questions of law, including statutory construction, de novo. *State v. Bright*, 129 Wn.2d 257, 265, 916 P.2d 922 (1996). "The purpose of statutory construction is to give content and force to the language used by the Legislature." *State v. Wilson*, 125 Wn.2d 212, 216, 883 P.2d 320 (1994). We apply unambiguous statutes according to

---

[9] And under RAP 2.2(a)(10), a party may appeal from a trial court's order denying a motion to vacate a judgment.

[10] An abuse of discretion occurs when the trial court's decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *State v. Aguirre*, 73 Wn. App. 682, 686, 871 P.2d 616, *review denied*, 124 Wn.2d 1028 (1994). And a trial court would necessarily abuse its discretion if it based its decision on an erroneous view of the law. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990).

their plain language. *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 948, 162 P.3d 413 (2007). "And no construction should be accepted that has 'unlikely, absurd, or strained consequences.'" *Skylstad*, 160 Wn.2d at 948 (quoting *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992)).

¶16 RCW 10.73.160(1) provides that "[t]he court of appeals, supreme court, and superior courts may require an adult or a juvenile convicted of an offense . . . to pay appellate costs." The statute further provides that "[a]ppellate costs are limited to expenses specifically incurred by the state in prosecuting or defending an *appeal or collateral attack from a criminal conviction or sentence.*" RCW 10.73-.160(2) (emphasis added). Because Ashby is not a juvenile offender, we do not consider the part of RCW 10.73.160(2) regarding a juvenile offender conviction or disposition.

¶17 Applying the traditional rules of statutory construction, RCW 10.73.160(2) is unambiguous.[11] And the statute is to be enforced in accord with its plain meaning. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). Nothing in the statute's language suggests that the legislature intended RCW 10.73.160(2) to be illustrative. Rather, the statute's language suggests that the legislature plainly meant for these enumerated expenses to be the exclusive and complete list of appellate costs. Thus, appellate costs under RCW 10.73.160(2) include only those expenses specifically incurred by the State in prosecuting or defending: (1) an appeal from a criminal conviction or sentence or (2) a collateral attack from a criminal conviction or sentence. And because "[w]e cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language," *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003), appellate costs under RCW 10.73-.160(2) do not include expenses specifically incurred by the State in prosecuting or defending other actions. "We

---

[11] Language is unambiguous when it is not susceptible to two or more interpretations. *State v. McGee*, 122 Wn.2d 783, 787, 864 P.2d 912 (1993).

assume the legislature 'means exactly what it says.'" *Delgado*, 148 Wn.2d at 727 (quoting *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 964, 977 P.2d 554 (1999)).

¶18 Here, Ashby did not appeal his 1990 criminal conviction or sentence. And Ashby did not collaterally attack his 1990 criminal conviction or sentence. In fact, Pierce County had argued that his personal restraint petition was time-barred under RCW 10.73.090(1), which provides that "[n]o petition or motion for collateral attack[12] on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." But in our order dismissing Ashby's personal restraint petition, we concluded, "[RCW 10.73.090(1)] does not apply here as Ashby is not attacking his judgment and sentence." CP at 7. Rather, Ashby simply claimed in his personal restraint petition that his restraint was unlawful because DOC failed to credit him with earned early release time that he accrued while in the Pierce County jail.

¶19 Thus, Pierce County did not specifically incur expenses in defending an appeal from Ashby's 1990 criminal conviction or sentence. And Pierce County did not specifically incur expenses in defending a collateral attack from Ashby's 1990 criminal conviction or sentence. Therefore, under the plain language of RCW 10.73.160(2), Pierce County did not incur any appellate costs. And under RCW 10.73.160(1), neither we nor the trial court could require Ashby to pay appellate costs.

---

[12] Under RCW 10.73.090(2), "collateral attack" is defined as "any form of postconviction relief other than a direct appeal. 'Collateral attack' includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment."

¶20 We erred when, among other things, we awarded appellate costs of $125 to Pierce County.[13] And the trial court erred when it added appellate costs of $125 to Ashby's judgment and sentence.[14] Therefore, we reverse and remand for the trial court to enter a corrected judgment and sentence, striking the addition of appellate costs of $125.

¶21 Reversed and remanded for the entry of a corrected judgment and sentence.

HOUGHTON, C.J., and PENOYAR, J., concur.

Review denied at 164 Wn.2d 1004 (2008).

---

[13] But we note that Ashby did not appeal our award of appellate costs to the State. Instead, he merely appealed the trial court's addition of appellate costs to his judgment and sentence.

[14] The legislature is, of course, free to amend RCW 10.73.160(2) to include expenses specifically incurred by the State in prosecuting or defending other actions.