[No. 66488-3-I.    Division One.    February 11, 2013.]

*In the Matter of the Personal Restraint of* TOBY VERNON
JOHNSON, *Petitioner*.

418

*Toby Vernon Johnson*, pro se.

*David B. Koch* (of *Nielsen, Broman & Koch PLLC*), for petitioner.

*Robert W. Ferguson, Attorney General*, and *Ronda D. Larson, Assistant*, for respondent.

¶1 LEACH, C.J. — The Department of Corrections (DOC) has moved to modify a commissioner's ruling denying it an award of statutory attorney fees as costs following our dismissal of Toby Johnson's personal restraint petition (PRP). In the PRP, Johnson claimed that the sentencing court failed to award him early release credit for presentence confinement. The court commissioner denied DOC's subsequent request under RCW 10.73.160(2) for statutory attorney fees. We grant DOC's motion and award statutory attorney fees to the State because Johnson's PRP collaterally attacked a criminal conviction or sentence.

## FACTS

¶2 In 2008, a jury convicted Toby Johnson of second degree burglary. We affirmed the conviction in 2009. In 2010, Johnson filed in the trial court a motion to correct clerical error, jail credit, under CrR 7.8(a). This motion requested the following relief:

> Mr. Johnson moves this court to correct his Judgment & Sentence under cause #07-C-09643-1 KNT, and record/credit his presentence incarceration time spent in the King County Jail as intended by the court, which, by oversight, the court did not record on the Judgment & Sentence. ([H]erein marked Attachment A, pg 4.) As a result of the clerical oversight, Johnson is not being credited with the jail time on his greater sentence. This injustice affects his earned early release date from prison. This motion is supported with the court record and the Declaration of Mr. Toby Johnson. (Attachment D.)

The superior court transferred the motion to this court under CrR 7.8(c)(2) to consider as a PRP. We dismissed the PRP as a successive, frivolous petition under RAP 16.11(b). DOC then filed a cost bill seeking $200 in attorney fees under RCW 4.84.080(2). Johnson objected, and a court commissioner denied the request for this cost award. DOC filed a motion to modify the commissioner's ruling. Johnson opposes DOC's motion.

## ANALYSIS

■ ¶3 We review de novo a motion to modify a Court of Appeals commissioner's adverse ruling.[1]

■ ■ ¶4 The Rules of Appellate Procedure generally allow a prevailing party in a civil proceeding to recover statutory attorney fees and certain reasonable expenses actually incurred. These rules apply to personal restraint petition proceedings. RAP 16.15(f) provides, "Costs are

---

[1] *State v. Nolan*, 98 Wn. App. 75, 78, 988 P.2d 473 (1999).

awarded as provided in Title 14." RAP 14.2 provides for the award of costs to the substantially prevailing party, "unless the appellate court directs otherwise in its decision terminating review." RAP 14.3(a) identifies the items recoverable as costs and references RCW 4.84.080(2) for a schedule of attorney fees. This statute provides for an award of $200 as "costs to be called the attorney fee" in actions where judgment is rendered in the Court of Appeals.

¶5 Johnson claims that RCW 10.73.160(2) prohibits the cost award that DOC requests. RCW 10.73.160(2) states,

> Appellate costs are limited to expenses specifically incurred by the state in prosecuting or defending an appeal or collateral attack *from a criminal conviction or sentence.* . . . Appellate costs shall not include expenditures to maintain and operate government agencies that must be made irrespective of specific violations of the law. Expenses incurred for producing a verbatim report of proceedings and clerk's papers may be included in costs the court may require a convicted defendant or juvenile offender to pay.

(Emphasis added.)

¶6 Johnson asserts that his PRP did not collaterally attack his conviction or sentence. He cites a Division Two case, *State v. Ashby,*[2] to support his claim. Ashby appealed a trial court's imposition of $125 as appellate costs after the Court of Appeals dismissed Ashby's PRP challenging his early release time.[3] Division Two reversed, concluding that the plain meaning of RCW 10.73.160(2) limits appellate costs to those that the State incurs in prosecuting or defending (1) an appeal from a criminal conviction or sentence or (2) a collateral attack from a criminal conviction or sentence.[4] Because Ashby had challenged only DOC's actions, the court held that Ashby's PRP did not collaterally

---

[2] 141 Wn. App. 549, 170 P.3d 596 (2007).

[3] *Ashby,* 141 Wn. App. at 551-52.

[4] *Ashby,* 141 Wn. App. at 556.

attack his original criminal conviction or sentence.[5] Rather, he "simply claimed in his personal restraint petition that his restraint was unlawful because DOC failed to credit him with earned early release time that he accrued while in the Pierce County jail."[6] Accordingly, the court concluded that the State "did not specifically incur expenses in defending a collateral attack from Ashby's 1990 criminal conviction or sentence."[7]

¶7 Unlike *Ashby*, Johnson's PRP directly challenged his sentence. Johnson claimed that the sentencing court failed to include early release credit for his presentence jail time:

> Mr. Johnson claims the omission of jail credits was one of judicial oversight because [RCW 9.94A.505(6)] requires the Judge to credit jail time . . . .
>
> In addition, Criminal Rule 7.2[(a)] mandates that the sentencing judge ". . . shall assure that the record accurately reflects all time spent in custody in connection with the offense . . . for which sentence is imposed." Because the sentencing court was obligated to credit him with the jail time at sentencing (May 29, 2008), making the correction today, *nunc pro tunc*, should be considered a clerical correction to the original Judgment & Sentence as authorized by CrR 7.8(a). Furthermore, Mr. Johnson argues that the correction should apply the jail time credits to his Burglary in the 2nd Degree.

Unlike Ashby, Johnson did not ask the court to correct a decision that DOC made. Rather, he claimed that the sentencing judge committed an error of law by failing to apply credit for time served to his sentence. Therefore, we hold that Johnson's PRP collaterally attacked his conviction or sentence.

¶8 At oral argument, counsel for DOC and Johnson agreed that statutory attorney fees are expenses specifically incurred by the State in a case and recoverable as

---

[5] *Ashby*, 141 Wn. App. at 557.

[6] *Ashby*, 141 Wn. App. at 557.

[7] *Ashby*, 141 Wn. App. at 557.

costs under RCW 10.73.160(2) in a collateral attack on a conviction or sentence.

## CONCLUSION

¶9  Because Johnson's PRP collaterally attacked his conviction or sentence, we grant DOC's motion to modify the court commissioner's ruling and award statutory attorney fees to the State.

DWYER and SPEARMAN, JJ., concur.