# FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE NOV 1 4 2013

*Madsen, C.J.*

CHIEF JUSTICE

This opinion was filed for record
at 8:00 a.m. on Nov 14, 2013

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>DEREK E. GRONQUIST,<br><br>Petitioner. | NO. 8 7 6 6 6 - 5<br><br>EN BANC<br><br>Filed: NOV 1 4 2013 |

PER CURIAM—The Department of Corrections disciplined prison inmate Derek Gronquist for allegedly assaulting a correctional officer, imposing a sanction that included loss of early release credits. Gronquist challenged the department's action by personal restraint petition filed directly in this court. The court's commissioner dismissed the petition, and the court's clerk awarded the State costs consisting of statutory attorney fees in the amount of $200. Gronquist moves to modify these rulings. RAP 17.7. We deny the motion to modify the commissioner's ruling, but for the reason discussed below, we grant the motion to modify the clerk's cost ruling.

By statute, appellate costs awardable to the State "are limited to expenses specifically incurred by the state in prosecuting or defending an appeal or collateral attack from a criminal conviction or sentence." RCW 10.73.160(2). Gronquist's challenge to the department's administrative disciplinary action is not an appeal from or a collateral attack on a criminal conviction or sentence. It therefore falls outside the plain statutory limitation on appellate costs allowed to the State. *See State v. Ashby*, 141 Wn. App. 549, 556-57, 170 P.3d 596 (2007) (no costs allowed to State in action claiming department failed to credit inmate with early release time earned in jail).

The motion to modify the clerk's ruling awarding the State costs is granted, and the award is vacated.