IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30672-1-III |
| | ) | Consolidated with |
| Respondent, | ) | No. 31043-4-III |
| | ) | |
| v. | ) | |
| | ) | |
| MARQUIS JONES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |
| In re Personal Restraint Petition of: | ) | |
| | ) | |
| MARQUIS JONES, | ) | |
| | ) | |
| Petitioner. | ) | |

BROWN, J. — Marquis Jones appeals his resentencing, contending his 2001 convictions and firearm sentence enhancements on two counts of attempted first degree robbery violate double jeopardy principles. In a personal restraint petition (PRP), Mr. Jones argues the trial court in 2000 violated CrR 4.1 and deprived him of due process by failing to arraign him on the State's amended information where he did not receive a copy of it and lacked actual notice of its charges. Additionally, Mr. Jones filed a statement of additional grounds for review that attaches evidence supporting his

PRP. We conclude his appeal presents no reviewable error claim and his PRP is time barred. Accordingly, we dismiss Mr. Jones's appeal and PRP.

FACTS

In April 2000, the State charged Mr. Jones with first degree premeditated murder. The trial court arraigned him on the original information. In August 2000, the State filed amended information charging him with first degree felony murder, first degree burglary, first degree robbery, two counts of attempted first degree robbery, and first degree unlawful firearm possession. The amended information alleged he committed the murder, burglary, robbery, and attempted robberies while armed with a firearm. He claims the trial court did not arraign him on the amended information, he did not receive a copy of it, and he lacked actual notice of its charges.

Following a bench trial, the trial court found Mr. Jones guilty of first degree felony murder, first degree burglary, one count of attempted first degree robbery as a lesser included offense, two counts of attempted first degree robbery as charged, and first degree unlawful firearm possession. The court found he committed the murder, burglary, and attempted robberies while armed with a firearm. The court filed his judgment and sentence with the clerk on January 29, 2001 and issued an order correcting his sentence the next day. He timely appealed his convictions while the time for appealing his sentences passed. We affirmed his convictions and our Supreme Court denied review. *State v. Jones*, No. 19909-6-III, 2002 WL 982618, at *1 (Wash. Ct. App. May 14, 2002), noted at 111 Wn. App. 1039, *review denied*, 60 P.3d 93. Then, this court issued a mandate terminating review on November 5, 2002.

2

Between 2004 and 2006, Mr. Jones apparently filed two unsuccessful PRPs based on newly discovered evidence. In September 2010, he filed a PRP with our Supreme Court, arguing his convictions for first degree burglary and one count of attempted first degree robbery as predicates to his first degree felony murder conviction violated double jeopardy principles. The State conceded this argument. Additionally, he challenged his firearm sentence enhancements. A five-justice department of our Supreme Court unanimously accepted the State's concession on his double jeopardy argument but rejected his challenges to his firearm sentence enhancements. Thus, in September 2011, our Supreme Court granted Mr. Jones's PRP in part and remanded to the trial court with directions to vacate his convictions for first degree burglary and one count of attempted first degree robbery, and resentence him accordingly.

On remand, the trial court vacated Mr. Jones's convictions for burglary and one count of attempted robbery. The court imposed 429 months' imprisonment with a 120-month firearm sentence enhancement for his felony murder, 96.75 to 120 months' imprisonment with a 72-month firearm sentence enhancement for each of his two counts of attempted robbery, and 116 months' imprisonment for his unlawful firearm possession. The court ordered he serve the felony murder sentence concurrent with the other base sentences but consecutive to the other sentence enhancements, for a total of 693 months' imprisonment. These are the same base sentences and firearm sentence enhancements the court previously imposed for his remaining convictions.

3

The court arrived at this result after considering and rejecting one of Mr. Jones's

new arguments. Initially, the court assured the parties it had thoroughly prepared itself

for resentencing:

> In preparation for today's extensive hearing, everyone should know that I spent a great deal of time preparing for this. I read the entire court file, which is actually four full volumes. I read all of counsels' respective memorandums. I read the defense memorandum from top to bottom, which was quite voluminous. I also was apprised of a great deal of case law, and I think the parties and Mr. Jones deserve to have the best the Court has to offer. So I took the time to go through all of that material, and I actually spent till almost 9:00 at night here last night going through this. That's how important I think this is.
>
> . . . .
>
> [The issue is], what to do with the balance of the counts which survive
>
> . . . .
>
> So, as I said, I've studied this file very carefully. I'm certainly mindful of the argument of Counsel. I think I'm well-advised regarding the law in this area that has been provided.

Report of Proceedings (RP) (Feb. 10, 2012) at 46-47, 50.

Then, the court extensively discussed Mr. Jones's request for an exceptional

sentence downward, ruling:

> But the question is, . . . whether the Court should consider [Mr. Jones's troubled youth and hopeful adult progress] this morning as a mitigating factor in terms of resentencing as to this gentleman.
> I have considered the same. I've considered it in great regard. Frankly, I am not necessarily convinced that the Court should adopt any mitigating factor this morning. . . . I will not be directing a mitigation sentence downward.

RP (Feb. 10, 2012) at 54.

Finally, the court declined to consider Mr. Jones's request to halve the firearm

sentence enhancements because a five-justice department of our Supreme Court had

unanimously rejected this portion of his PRP:

4

So let me now turn to the issue of the various enhancements . . . , the most significant fact of the enhancements being the doubling that was ordered . . . .

Counsel for Mr. Jones has raised I think a very valid and solid argument regarding a significant point here that the enhancements and the doubling and whether the underlying predicate offense was ever demonstrated at the trial Court level . . . .

. . . [T]he language of the Supreme Court, which I've read several times, from September 7, 2011, is very telling. I would submit to counsel it's mandatory language, and it reads, again, "Mr. Jones' challenge to the firearm enhancements is unanimously rejected." That's mandatory language, again, as far as this Court considers.

It does make clear to me that firearm enhancement was certainly a matter that the appellate court had under its review and entertained and should not be considered by the trial Court for purposes of resentencing, for purposes of either vacating those enhancements, reconsidering them, modifying them. They were unanimously rejected at the appellate level, and I will not be changing anything in that regard as to sentencing this morning.

RP (Feb. 10, 2012) at 54-56.

The trial court filed an amended judgment and sentence on February 13, 2012. On February 15, 2012, Mr. Jones moved to vacate all his convictions under CrR 7.8, arguing the trial court in 2000 did not arraign him on the amended information, he did not receive a copy of it, and he lacked actual notice of its charges. He appealed his amended judgment and sentence. The trial court transferred his motion to this court for treatment as a PRP.

ANALYSIS

A. Direct Appeal

The issue is whether Mr. Jones's appeal presents a reviewable error claim. The State argues we must dismiss his appeal because his new contentions address matters beyond the scope of the trial court's action on remand.

5

On remand, a trial court may "exercise independent judgment" regarding issues the parties did not raise in earlier appellate review and, where it does so, the decision is subject to later appellate review. RAP 2.5(c)(1) cmt., 86 Wn.2d 1153 (1976); *see State v. Barberio*, 121 Wn.2d 48, 50-51, 846 P.2d 519 (1993). But "a case has no remaining appealable issues where an appellate court issues a mandate reversing one or more counts and affirming the remaining count[s], and where the trial court exercises no discretion on remand as to the remaining final counts." *State v. Kilgore*, 167 Wn.2d 28, 37, 216 P.3d 393 (2009). "Only if the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issue does it become an appealable question." *Barberio*, 121 Wn.2d at 50.

Here, the trial court considered Mr. Jones' argument for an exceptional sentence downward and decided it against him. Thus, the court exercised independent judgment on this issue by reviewing and ruling on it. But Mr. Jones does not raise this issue in his direct appeal. He instead argues two of his attempted robbery convictions and firearm sentence enhancements violate double jeopardy principles because they are premised on the same actus reus. The court never considered this argument on the record and, unfortunately, did not explain why it failed to do so. Mr. Jones suggests the court confused this argument with his request to halve all four of his firearm sentence enhancements. He then suggests the court abused its discretion by mistakenly believing our Supreme Court's order deprived it of authority to rule on this argument. But the trial court clearly read the order as addressing Mr. Jones's argument on "doubling" of his firearm sentence enhancements solely. RP (Feb. 10, 2012) at 55.

6

While our record does not contain his most recent PRP to our Supreme Court, he represented to both the trial court and this court that his argument concerned whether the State proved the prerequisite for "doubling" his firearm sentence enhancements. CP at 61, 66; Opening Br. at 10. This argument rested on different grounds than those Mr. Jones raises in his direct appeal.

Our record shows Mr. Jones raised his current double jeopardy argument for the first time on remand and, while the trial court assured the parties it had thoroughly prepared itself for resentencing, it never considered his current double jeopardy argument on the record. In sum, the court did not exercise independent judgment on the issue he raises in his direct appeal. Therefore, his appeal presents no reviewable error claim.

## B. PRP

The issue is whether Mr. Jones's PRP is time barred.[1] The State argues we must dismiss his PRP because he filed it more than one year after his original judgment and sentence became final.

Where a trial court with competent jurisdiction enters a facially valid[2] judgment and sentence, a defendant must collaterally attack the judgment if at all within one year of the date it becomes final. RCW 10.73.090(1). A PRP is a collateral attack. RCW 10.73.090(2). If the defendant does not bring a timely direct appeal, the judgment

---

[1] Considering our analysis below, we do not reach the parties' arguments on whether Mr. Jones's PRP is procedurally barred under RAP 16.4(d) or RCW 10.73.140.

[2] Mr. Jones does not argue the trial court's alleged error rendered his judgment and sentence facially invalid.

7

becomes final for PRP purposes on the date the trial court files it with the clerk. RCW 10.73.090(3)(a). If the defendant brings a timely direct appeal, the judgment becomes final for PRP purposes on the date the appellate court issues a mandate terminating review. RCW 10.73.090(3)(b). But the judgment is not final until both the convictions and sentences are final. *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 946, 952, 955, 162 P.3d 413 (2007).

Essentially, a judgment becomes final for PRP purposes "when all litigation on the merits ends." *Id.* at 948-49. In this context, litigation on the merits includes remand from direct review—either an appeal to our state courts alone or an appeal to our state courts followed by a petition for certiorari to the U.S. Supreme Court. RCW 10.73.090(3); *Skylstad*, 160 Wn.2d at 948-52. But remand from a successful PRP cannot restart litigation on the merits so as to extinguish finality for purposes of subsequent PRPs. *See Skylstad*, 160 Wn.2d at 948-52. As our Supreme Court recently stated,

> [O]nce the one-year time limit has run, a petitioner may seek relief only for the defect that renders the judgment not valid on its face [under RCW 10.73.90] (or one of the exceptions listed in RCW 10.73.100). And when that defect is cured, the entry of a corrected judgment does not trigger a new one-year window for judgment provisions that were always valid on their face. . . . [R]aising a claim under one of the exceptions . . . does not open the door to other time-barred claims.

*In re Pers. Restraint of Adams*, No. 87501-4, slip op. at 8-12 (Wash. Sept. 12, 2013) (discussing *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 267 P.3d 324 (2011); *Skylstad*, 160 Wn.2d 944).

8

Here, the trial court filed Mr. Jones's original judgment and sentence with the clerk on January 29, 2001 and issued an order correcting his sentence the next day. He timely appealed his convictions while the time for appealing his sentences passed. We affirmed his convictions and our Supreme Court denied review. *Jones*, 2002 WL 982618, at *1. Then, this court issued a mandate terminating review on November 5, 2002. Thus, his convictions and sentences became final on November 5, 2002. *See* RCW 10.73.090(3)(b). But he filed his current PRP with the trial court nearly 10 years later on February 15, 2012.

Mr. Jones's most recent PRP to our Supreme Court was timely because the double jeopardy argument he raised there fit an exception to the one year limit on collateral attacks. *See* RCW 10.73.100(3). But remand from that successful PRP did not restart litigation on the merits so as to extinguish finality for purposes of subsequent PRPs. *See Skylstad*, 160 Wn.2d at 948-52. In other words, Mr. Jones's amended judgment and sentence did not remove the time bar on his current PRP to this court. *See Adams*, slip op. at 8-12. Vacating his unlawful convictions and resentencing him did not affect the finality of his remaining convictions. *See id.*; *cf. McNutt v. Delmore*, 47 Wn.2d 563, 565, 288 P.2d 848 (1955), *overruled on other grounds by State v. Sampson*, 82 Wn.2d 663, 513 P.2d 60 (1973); *In re Pers. Restraint of Carle*, 93 Wn.2d 31, 34, 604 P.2d 1293 (1980); *Kilgore*, 167 Wn.2d at 37. Therefore, his PRP is time barred.

Mr. Jones's appeal and PRP are dismissed.

9

No. 30672-1-III, *consol. with* No. 31043-4-III
*State v. Jones; In re Pers. Restraint of Jones*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Siddoway, A.C.J.

_____
Kulik, J.

10