# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of:<br><br>MARLON OCTAVIUS LUVELL HOUSE,<br><br>Petitioner. | No. 51943-7-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, P.J. — Marlon Octavius Luvell House plead guilty to two counts of rape of a child in the first degree. In a personal restraint petition (PRP), House contends he received ineffective assistance of counsel and that the trial court erred in sentencing him. Because House filed his PRP more than one year from the date his appeal became final and House does not allege an exception to the time bar applies, we deny his PRP.

## FACTS

The State charged House with four counts of rape of a child in the first degree and two counts of child molestation in the first degree in two separate cases.[1] House plead guilty to two counts of rape of a child in the first degree, one in each case. He admitted guilt and took full responsibility for his crimes.

---

[1] *See State v. House*, No. 75641-9-I (Wash. Ct. App. Nov. 21, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/756419.pdf.

House appealed his convictions and we affirmed. The court issued its mandate in House's appeal on May 5, 2017.[2] The trial court filed the mandate in one case number on May 17 and in the other case number on May 24. House filed his PRP on May 24, 2018.

ANALYSIS

A petitioner may request relief through a PRP when he or she is under an unlawful restraint. RAP 16.4(a)-(c). "A personal restraint petitioner must prove either a (1) constitutional error that results in actual and substantial prejudice or (2) nonconstitutional error that 'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 488, 251 P.3d 884 (2010) (quoting *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 672, 101 P.3d 1 (2004) (internal quotations omitted)). The petitioner must prove the error by a preponderance of the evidence. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004).

The State contends that we should dismiss House's PRP as untimely because he filed it more than one year after judgment became final. It claims that this court's mandate on House's appeal issued on May 5, 2017 and he filed his PRP on May 24, 2018, more than one year later. House responds by arguing that appellate mandates do not "issue" until the trial court files them, which it did on May 17 in one case and May 24 in the other. Because this court, not the trial court, "issues" the mandate, House's PRP is untimely.

"No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is

_____

[2] House contends that an appellate court's mandate does not actually "issue" until it is filed in the trial court. We address his argument below.

valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). A judgment becomes final on the last of:

> (a) The date it is filed with the clerk of the trial court;
> (b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or
> (c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. The filing of a motion to reconsider denial of certiorari does not prevent a judgment from becoming final.

RCW 10.73.090(3).

"RCW 10.73.090 is not ambiguous." *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 948, 162 P.3d 413 (2007). Each requirement of RCW 10.73.090(3) "sets the final judgment date to when all litigation on the merits ends." *Skylstad*, 160 Wn.2d at 948. If a defendant chooses not to appeal, "judgment is final when the trial court clerk files the judgment," but if a defendant appeals, "then the judgment is final when the appellate court issues its mandate 'disposing of direct appeal.'" *Skylstad*, 160 Wn.2d at 948 (quoting RCW 10.73.090(3)(b)). The appellate court issuing its mandate "terminates review and similarly ends all litigation on the merits" and causes the judgment to become final, absent a petition to the United States Supreme Court. *Skylstad*, 160 Wn.2d at 949 (footnote omitted).

A "'mandate' is the written notification by the clerk of the appellate court to the trial court and to the parties of an appellate court decision terminating review." RAP 12.5(a). The court of appeals issues its mandate terminating review thirty days after the decision is filed unless:

> (i) a motion for reconsideration of the decision or a motion to publish has been earlier filed; (ii) a petition for review to the Supreme Court has been earlier filed, or (iii) the decision is a ruling of the commissioner or clerk and a motion to modify the ruling has been earlier filed.

RAP 12.5(b)(1). A mandate issues from the Supreme Court twenty days after the decision is filed, unless there is a motion for reconsideration. RAP 12.5(c)(2).

House contends that an appellate court does not "issue" its mandate until the mandate is filed in the trial court. He relies on definitions and interpretations of the word "issue," which means "'officially put forth or distribute[],'" "'go forth by authority,'" or "'cause to appear or become available by officially putting forth.'" Reply Br. of Petitioner at 3 (quoting *Rizzuti v. Basin Travel Serv.*, 125 Wn. App. 602, 612, 105 P.3d 1012 (2005)). RCW 10.73.090 specifies that a judgment becomes final when the "appellate court issues its mandate." House has not provided any valid basis for considering the date the trial court files the mandate as a date the appellate court issues it other than the definition of "issue."

House's interpretation is at odds with the language of RCW 10.73.090, the rules of appellate procedure, and appellate cases that have discussed the judgment date in deciding whether PRPs are timely. The "mandate" is a document the appellate court issues to notify the trial court its review is complete. Any action the trial court takes relating to the mandate has nothing to do with the date the appellate court issues it. The mandate in House's appeal issued on May 5, 2017. Accordingly, his PRP filed on May 24, 2018 is untimely.

House does not claim that any time bar exceptions in RCW 10.73.100 apply in his case. We deny his PRP as untimely and do not address his substantive arguments.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, P.J.

We concur:

Sutton, J.

Glasgow, J.