# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52535-6-II |
| Respondent, | |
| v. | |
| BRUCE L. BENNETT, JR., | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — Bruce L. Bennett Jr. appeals his judgment and sentence for second degree murder and second degree robbery following the superior court's amendment to his judgment and sentence adding a "community placement" provision. Bennett argues that the court erred when it failed to consider youth as a mitigating factor for crimes that he committed when he was 23 years old. Bennett makes additional claims of error in a statement of additional grounds (SAG). Because the superior court did not possess the authority to entertain Bennett's request to reconsider every aspect of his sentence, which had become final before the amendment at issue in this case, we hold that the court correctly rejected Bennett's arguments. Accordingly, we affirm.

FACTS

I. PROCEDURAL HISTORY

In 1994, Bennett was convicted of second degree murder and second degree robbery. The superior court calculated Bennett's offender score using Bennett's five prior Oregon convictions. In 1991, Bennett was convicted of three counts of first degree burglary and two counts of first degree kidnapping in Oregon. The court counted Bennett's three prior first degree burglary convictions as one point, but counted his two first degree kidnapping convictions separately. The court sentenced Bennett within the standard range to 397 months of confinement.

Bennett has twice sought review of his sentence. Bennett previously appealed his judgment and sentence, arguing that the superior court erred in calculating his offender score by counting his prior Oregon convictions as separate offenses. *State v. Bennett*, noted at 84 Wn. App. 1115, 1997 WL 87092, at *5. We disagreed and affirmed Bennett's judgment and sentence. *Id.* at *6.

Then, in May 2015, Bennett filed a personal restraint petition (PRP), claiming that his judgment and sentence was facially invalid because the superior court improperly calculated his offender score. We disagreed and dismissed his petition as time-barred.

Related to the current appeal, on August 10, 2017, the superior court entered a "Stipulated Order Amending Judgment and Sentence," which modified Bennett's judgment and sentence to clarify that his sentence included 24 months of community placement following his release. This order was signed by the court, the prosecuting attorney, and Vern McCray as "Attorney for Defendant." Clerk's Papers at 13. For reasons not germane to this appeal, the superior court later vacated this order and set a hearing on the State's request to amend the judgment and sentence. Bennett appeared and represented himself at this hearing, which occurred on August 17, 2018.

At the hearing, Bennett argued that he was entitled to a full resentencing concerning every aspect of his judgment and sentence. The State opposed Bennett's request for a full resentencing, arguing that the sole issue before the superior court was the State's motion to amend the community placement provision. The State further argued that Bennett's attempt to have his entire sentence reconsidered was not timely because his sentence was final. The court ruled that it "is treating this matter as a resentencing on this case for *purposes of whether or not the imposition of the community placement is appropriate.*" Verbatim Report of Proceedings at 23 (emphasis added). Despite this ruling, the superior court nevertheless allowed Bennett to argue for a full reconsideration of his sentence and said it would address Bennett's arguments.[1]

After hearing lengthy argument from Bennett that his age at the time he committed his crimes (age 23) should warrant a lesser sentence than the one the court previously imposed, as well as his argument regarding same criminal conduct as it related to his prior Oregon convictions, the court announced that it would adhere to the 397-month sentence it originally imposed. The court reasoned that when Bennett committed the crimes he was 23 years old, had two children, an employment history, and a significant other. The court further concluded that the prior sentencing court did not err when it calculated Bennett's offender score.

The court entered an amended judgment and sentence that imposed 24 months of community placement but did not impose discretionary legal financial obligations (LFOs). The

---

[1] Despite the superior court indicating that it would address all of Bennett's arguments, the court fully considered only Bennett's argument regarding youth as a mitigating factor to Bennett's sentence.

superior court reimposed all other aspects of Bennett's 1994 judgment and sentence with credit for time served.

Bennett appeals the amended judgment and sentence.

DISCUSSION

I.  BENNETT'S REQUEST FOR RESENTENCING

Bennett contends that the superior court erred when it refused to reduce the prison term of his judgment and sentence.  Bennett's claim fails because the superior court lacked the authority to reconsider Bennett's sentence in full.  The matter before the superior court, as the court correctly noted at the outset of the August 17, 2018 hearing, was to determine whether the imposition of community placement was appropriate.  The superior court's decision to entertain Bennett's request that it reconsider the entirety of his sentence was not rooted in any recognizable legal authority.

There are three means by which a criminal sentence may be challenged or attacked:  a motion for relief from judgment or order pursuant to CrR 7.8, a direct appeal, or a PRP.  *State v. Basra*, 10 Wn. App. 2d 279, 287, 448 P.3d 107 (2019), *review denied*, 455 P.3d 133 (2020).  Any petition or motion for collateral attack on a sentence must be filed within one year after the sentence becomes final, unless the sentence is invalid.  *Id*.  A judgment becomes final when any of the requirements of RCW 10.73.090(3) are met.  *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 948, 162 P.3d 413 (2007).  Under RCW 10.73.090(3), a judgment becomes final on the last of the following dates:

> (a) The date it is filed with the clerk of the trial court;
> (b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or

(c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. The filing of a motion to reconsider denial of certiorari does not prevent a judgment from becoming final.

Bennett, as noted above, challenged his sentence both through a direct appeal in 1997 and by a PRP in 2015. His 397-month sentence was final at the time he asked the superior court to reconsider it at the August 17, 2018 hearing.[2]

Simply asking the superior court, many years after a criminal sentence has become final, to reconsider the sentence is not a legitimate manner in which to challenge or attack a sentence. In appealing the court's decision to adhere to Bennett's previously imposed sentence, Bennett overlooks that the superior court lacked the authority to grant the relief he sought.

We hold that the superior court did not err when it refused to reduce the prison term of Bennett's judgment and sentence.

## II. SAG

Bennett argues that the superior court erred in computing his offender score by counting his prior Oregon convictions as separate offenses because his Oregon judgment and sentence identifies the convictions as part of a "single criminal episode," and, therefore, his prior convictions encompass the same criminal conduct under Washington law. SAG at 2 (capitalization omitted). Bennett also argues that the statutory factors set forth in former RCW 9.94A.400(1)(a) (1990)[3] upon which his sentence was based are unconstitutionally vague.

---

[2] Moreover, Bennett did not move for relief from his full judgment and sentence pursuant to CrR 7.8. Bennett moved for relief pursuant to CrR 7.8 solely on the basis that the amendment adding community placement to his judgment and sentence and the imposition of LFOs were unauthorized.

[3] RCW 9.94A.400 was recodified as RCW 9.94A.589. LAWS OF 2001, ch. 10, § 6.

No. 52535-6-II

Again, as we note above, Bennett was not entitled to full reconsideration of his sentence. Bennett's sentence was final, and the original offender score calculation was not relevant to the State's motion to amend his judgment and sentence to add the community placement provision. Thus, the court did not err in declining to revisit the question of same criminal conduct as it related to Bennett's prior Oregon convictions.

Likewise, Bennett's constitutional challenge to former RCW 9.94A.400(1)(a) fails. In addition to the superior court's lack of authority to reconsider Bennett's sentence in full, the vagueness doctrine is not applicable in the context of sentencing guidelines. For these reasons, Bennett's arguments fail.

## CONCLUSION

The amended judgment and sentence is affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, P.J.

SUTTON, J.