**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53331-6-II |
| Respondent, | |
| v. | |
| THERESA JUNE YORK, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — Teresa York appeals her conviction and sentence for possession of a controlled substance (methamphetamine) in violation of RCW 69.50.4013. The methamphetamine was discovered on York's person following a *Terry*[1] detention. York argues that the trial court erred when it denied her CrR 3.6 motion to suppress the evidence because the officer lacked reasonable suspicion to detain her, and that the scope of the detention exceeded its investigatory purposes.

After this court filed its opinion but before the mandate terminating review was entered, the Washington Supreme Court held that RCW 69.50.4013 violated the due process clauses of the state and federal constitutions and is void. *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021).

---

[1] *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

York moved for reconsideration of this court's opinion arguing, in light of *Blake*, that this court should reconsider its decision and vacate her unlawful possession of a controlled substance conviction. The State responded to York's motion and concedes that York is entitled to vacation of her conviction. The mandate has not yet issued in York's appeal and her judgment is not yet final. *See In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 954, 162 P.3d 413 (2007) (holding that "a judgment is final when the appellate court mandate disposes of a timely direct appeal from the conviction.") (emphasis omitted). Therefore, York is entitled to the benefit of this intervening appellate decision. "A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break from the past." *In re Pers. Restraint of St. Pierre*, 118 Wn.2d 321, 326, 823 P.2d 492 (1992); *State v. Abrams*, 163 Wn.2d 277, 290, 178 P.3d 1021 (2008).

Accordingly, we remand with instructions to vacate and dismiss with prejudice York's unlawful possession of a controlled substance, methamphetamine conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, J.

GLASGOW, A.C.J.