IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 84201-3-I |
| BRADLEY ERIC JENSEN, | UNPUBLISHED OPINION |
| Petitioner. | |

PER CURIAM — Bradley Jensen was convicted for taking a motor vehicle without permission in the second degree, committed while on community custody, and for possession of a controlled substance. His offender score for the motor vehicle conviction was calculated at 26, with a standard range of 22 to 29 months. The superior court sentenced him to 29 months in prison. Jensen did not appeal, so his judgment and sentence became final when the superior court clerk filed it in January 2020. RCW 10.73.090(3)(a); In re Pers. Restraint of Skylstad, 160 Wn.2d 944, 948, 162 P.3d 413 (2007) ("If a defendant chooses not to appeal (or his time to appeal expires), judgment is final when the trial court clerk files the judgment.").

In May 2022, Jensen filed a motion in superior court to be resentenced, challenging his sentence on the basis that the offender score erroneously included two prior convictions for possession of a controlled substance, which are now

Citations and pin cites are based on the Westlaw online version of the cited material

invalid under State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021).[1] The superior court transferred the motion to this court for consideration as a personal restraint petition pursuant to CrR 7.8(c)(2).

A personal restraint petition that challenges a judgment and sentence must be filed within one year after the judgment and sentence becomes final. RCW 10.73.090(1). A petitioner bears the burden of showing that his or her petition is timely. In re Pers. Restraint of Quinn, 154 Wn. App. 816, 833, 226 P.3d 208 (2010). Thus, Jensen's petition is time barred unless he can show that (1) his judgment and sentence is facially invalid or was not entered by a court of competent jurisdiction, or (2) an exception under RCW 10.73.100 applies.

Jensen argues that his petition is exempt from the time bar because his judgment and sentence is facially invalid, as removing the two possession convictions invalidated by Blake from his criminal history reduces his offender score from 26 to 24. But at a score of 24, Jensen's standard range remains 22 to 29 months. See RCW 9.94A.510 (highest standard range reached at offender score of 9 or more). Because the superior court had authority to sentence Jensen within that range, the judgment and sentence is not facially invalid. See In re Pers. Restraint of Coats, 173 Wn.2d 123, 136, 267 P.3d 324 (2011); In re Pers. Restraint of Toledo-Sotelo, 176 Wn.2d 759, 768-70, 297 P.3d 51 (2013); Order Granting Rev. & Reversing, In re Pers. Restraint of Richardson, No. 101043-5, at 2 (Wash. Nov. 14, 2022) (a judgment and sentence is not facially invalid when offender score

---

[1] In Blake, the Supreme Court held that Former RCW 69.50.4013(1), the statute criminalizing simple drug possession, violates state and federal due process clauses and, therefore, is unconstitutional. 197 Wn.2d at 195.

is 9 or more and the standard range remains the same after removing drug possession conviction from offender score).

Jensen's petition is time barred, so it must be dismissed. RAP 16.8.1(b).

FOR THE COURT

Coburn, J.

Hazelrigg, J.

Dwyer, J.