[No. 40683-3-I.   Division One.   December 7, 1998.]
THE STATE OF WASHINGTON, *Respondent*, v. DANNY A. TRAICOFF, *Appellant*.

---

[21]*Id.*

[22]RCW 2.06.040.

*Kitteridge Oldham* of *Buck & Gordon*; and *Eric Broman* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Brian M. McDonald, Deputy*, for respondent.

Cox, J. — Danny Traicoff appeals the trial court's correction of an erroneous portion of his sentence after remand from this court in a prior appeal. That portion of his sentence was not at issue in the appeal. The error was discovered at resentencing after remand.

Because there is no legitimate expectation of finality in an erroneous sentence that one has not begun to serve, there is no double jeopardy violation in this case. Traicoff's other challenge on appeal is to the testing provisions that were imposed as conditions of community placement in his original sentence. The challenge is untimely, and we do not consider it. Accordingly, we affirm.

In late 1994, a jury found Traicoff guilty of one count of indecent liberties[1] and a second count of second degree assault.[2] The jury also returned a special verdict that Traicoff committed the assault with a deadly weapon. The trial court entered judgment on the verdict and imposed concurrent sentences within the standard range. It also imposed a deadly weapon enhancement on the basis of the special verdict.

Traicoff appealed. He argued several theories, one of which was that the trial court improperly submitted to the jury the question related to the deadly weapon enhancement. In an unpublished opinion, we agreed that the court erred in this respect, reversed the sentence on the deadly weapon enhancement only, and remanded for resentencing.

At the resentencing hearing, the court stated that it would enter either a completely new judgment and sentence containing the correction or an order amending the original second degree assault sentence by striking the deadly weapon enhancement. Traicoff elected the court's first option.

At the time of presentation of the new judgment and sentence, Traicoff objected to the length of the community placement portion of his sentence that was stated in the document. His original sentence had erroneously imposed one year of community placement. But because Traicoff committed his offenses after July 1, 1990, he was obligated

---

[1]RCW 9A.44.100(1)(a).

[2]RCW 9A.36.021(1)(c).

to serve a two-year term of community placement.[3] The prosecutor explained that an outdated community placement form had mistakenly been used at the time of Traicoff's original sentencing. The new document complied with statutory mandates by imposing a two-year term.

After considering Traicoff's objection and the State's explanation, the court stated:

> I would have imposed two years['] community placement, since that is what the law required at the time [of the original sentence], and I will correct that error at this time.

The trial court entered the judgment and sentence with the corrected term of community placement.

Traicoff appeals.

## I. Double Jeopardy

For the first time on appeal, Traicoff argues that the trial court's correction of the community placement portion of his sentence violated the double jeopardy clause of the Fifth Amendment of the federal constitution. We disagree.

■ The double jeopardy clause provides distinct constitutional protections. It protects against a second prosecution for the same offense after acquittal or conviction.[4] And it protects against multiple punishments for the same offense.[5]

In *United States v. DiFrancesco*,[6] the Supreme Court held that a statute that granted the government the right, under specified conditions, to appeal a sentence did not violate the guaranty against either multiple trials or multiple

---

[3]Former RCW 9.94A.120(8)(b).

[4]*North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989).

[5]*Pearce*, 395 U.S. at 717.

[6]449 U.S. 117, 139, 101 S. Ct. 426, 438, 66 L. Ed. 2d 328 (1980).

punishments. In so holding, the Court rejected the argument that the imposition of a sentence carries with it the constitutional finality that attends an acquittal of a charge.[7] Citing its earlier decision in *Bozza v. United States*,[8] the *DiFrancesco* Court noted that the double jeopardy clause does not bar a court from correcting its sentencing error by increasing the severity of a sentence to conform to the mandatory provisions of a statute.[9] Finally, the Court announced a new standard for evaluating claimed double jeopardy violations. This standard focuses on whether a defendant has a legitimate expectation of finality in the sentence.[10]

Here, Traicoff makes three arguments in support of his challenge to the trial court's correction of an admittedly erroneous sentence after remand from this court in the prior appeal. None of these arguments is persuasive.

First, Traicoff argues that the passage of two years between his original erroneous sentence and the corrected sentence following the mandate supports a reasonable expectation that his original sentence was final. But this argument ignores the principle that, throughout that two-year period, he was charged with knowledge of the sentencing statute that mandated a term of two years for community placement.[11] We fail to see how one who is charged with knowledge that his sentence is erroneous may claim a legitimate expectation of finality based on the mere pas-

---

[7]*DiFrancesco*, 449 U.S. at 134.

[8]330 U.S. 160, 67 S. Ct. 645, 91 L. Ed. 818 (1947).

[9]*DiFrancesco*, 449 U.S. at 134-35.

[10]*DiFrancesco*, 449 U.S. at 136; *see also United States v. Fogel*, 829 F.2d 77, 86 n.10 (D.C. Cir. 1987) (noting cases interpreting *DiFrancesco*).

[11]Former RCW 9.94A.120(8)(b); *see DiFrancesco*, 449 U.S. at 136 (noting that the defendant in that case was charged with knowledge of the sentencing statute providing for appeal).

sage of time between the original sentencing and a resentencing after remand.[12]

■ Traicoff's argument also ignores the important fact that, at the time of the correction on resentencing, he had not yet begun to serve the community placement portion of his sentence. After *DiFrancesco*, federal courts have considered when there is a legitimate expectation of finality in relation to service of sentences. They have concluded that there is no legitimate expectation of finality until a sentence is wholly or partially served.[13] Our Supreme Court has also stated that *"completion* of the sentence" is one of the factors to consider in determining when there is a legitimate expectation of finality for double jeopardy purposes.[14] The corollary to this line of authority is that a legitimate expectation of finality in a sentence does not arise prior to the commencement of service of that sentence. The double jeopardy clause prohibits multiple punishments for the same offense. There is no question of multiple punishment until the commencement of the first punishment.

Here, Traicoff's term of community placement was to have commenced upon completion of his incarceration. His representations to this court support our conclusion that at the time of his resentencing in May 1997, he had not yet commenced to serve his term of community placement. In short, there was no question of multiple punishments for the community placement portion of his sentence at the

---

[12]*See Fogel*, 829 F.2d at 87 (noting that the defendant in *Bozza* could have had no legitimate expectation of finality because the sentence there could not lawfully exist unless the court increased it).

[13]*United States v. Arrellano-Rios*, 799 F.2d 520, 524 (9th Cir. 1986) (legitimate expectation of finality arises upon completion of sentence of incarceration); *United States v. Lundien*, 769 F.2d 981, 985 (4th Cir. 1985) (no double jeopardy violation in sentence enhancement where the defendant had not fully served the sentence), *cert. denied*, 474 U.S. 1064 (1986); *United States v. Crawford*, 769 F.2d 253, 257-58 (5th Cir. 1985) (no legitimate expectation of finality in an illegal sentence even after service of the sentence had begun), *cert. denied*, 474 U.S. 1103 (1986).

[14]*State v. Hardesty*, 129 Wn.2d 303, 311, 915 P.2d 1080 (1996) (emphasis added).

time of his challenge at resentencing. He had no legitimate expectation of finality in that part of his sentence.[15]

Second, Traicoff argues that the failure of either the Department of Corrections or the State to appeal the erroneous term of community placement supports his conclusion that he had a legitimate expectation of finality in the sentence. We disagree.

■ The State may appeal a sentence within 30 days of its entry.[16] It did not appeal the erroneous community placement term here. The Department of Corrections may appeal errors of law in a sentence within 90 days of becoming aware of the terms of that sentence.[17] The department failed to appeal. But the failure of the State and the department to appeal does not vest Traicoff with a legitimate expectation of finality in the erroneous portion of his sentence that he had not yet begun to serve at the time of resentencing. To conclude otherwise would be to sanction the application of the double jeopardy clause to a situation where multiple punishments are not implicated. This we decline to do.

Third, Traicoff argues that he had the requisite expectation of finality because he did not commit any misconduct that influenced the original sentencing decision. He cites our Supreme Court's decision in *Hardesty*[18] in support of this proposition. But that case is inapposite.

---

[15]*See DiFrancesco*, 449 U.S. at 134 (noting that the federal court practice of permitting the increase of a sentence, so long as the defendant has not begun to serve the original sentence, does not offend the double jeopardy clause).

[16]RAP 5.2(a).

[17]RCW 9.94A.210(7) states that:

"The department may petition for a review of a sentence committing an offender to the custody or jurisdiction of the department. The review shall be limited to errors of law. Such petition shall be filed with the court of appeals no later than ninety days after the department has actual knowledge of terms of the sentence. The petition shall include a certification by the department that all reasonable efforts to resolve the dispute at the superior court level have been exhausted."

[18]129 Wn.2d 303, 915 P.2d 1080 (1996).

■ There, the question was whether a defendant who fraudulently causes a court to impose an erroneous sentence has a legitimate expectation of finality in the sentence after serving it. The court answered that question in the negative. But that holding, under those facts, does not mean that the absence of fraud by a defendant in a sentencing proceeding necessarily establishes a legitimate expectation of finality in an erroneous sentence.

Instead, as *Hardesty* recognizes, evaluating the double jeopardy implications of a court's correction of an erroneous sentence requires consideration of several nonexclusive factors.[19] These factors include whether the defendant has completed the sentence, the passage of time, the pendency of an appeal or review of the sentencing determination, and the defendant's misconduct in obtaining the sentence. But the court did not give any indication of how these factors are to be applied in the factual situation now before us.

Traicoff relies on certain dicta in *Hardesty* to support his position. There, the State argued that, even absent fraud on Hardesty's part, there could be no legitimate expectation of finality in a fully served sentence that was erroneous at its inception. The court rejected that sweeping argument. It stated that, if the more favorable sentence had been the product of mere error rather than fraud, Hardesty would have had a reasonable expectation of finality in the fully served sentence for double jeopardy purposes.

■ But that dicta, based on a hypothetical set of facts, does not control our case. Moreover, the facts here do not mirror those of the *Hardesty* hypothetical. Here, Traicoff had not even begun to serve his sentence for community service, much less completed it. Thus, the double jeopardy implications of the *Hardesty* hypothetical are not raised here.

■ In short, because the original community placement provision of the sentence was erroneous and Traicoff had

---

[19]*Hardesty*, 129 Wn.2d at 311.

not commenced to serve it, he had no legitimate expectation of finality as to that portion of his sentence. Accordingly, there was no violation of the double jeopardy clause with respect to that portion of his sentence.

## II. Community Placement Conditions

■ Traicoff argues that the plethysmograph and polygraph test requirements, imposed as conditions of his community placement, are unlawful. But a threshold issue that the State raises is whether Traicoff can challenge conditions of community placement for the first time in this second appeal. The State argues that, because these requirements inhered in Traicoff's original sentence and he did not assign error to them in his first appeal, he should be barred from making the challenge now. We agree.

In *State v. Barberio*,[20] our Supreme Court stated that appellate review of issues raised for the first time on appeal is defined in the first instance by RAP 2.5(c)(1), which states:

> If a trial court decision is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case.

But this rule does not permit review of every issue or decision that was not raised in an earlier appeal.[21] According to the Supreme Court, "[o]nly if the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issue does it become an appealable question."[22]

The deciding factor, therefore, is whether the trial court, on remand, revisited the conditions of placement that Traicoff challenges for the first time in this appeal. The record clearly indicates that the court did not reconsider the condi-

---

[20]121 Wn.2d 48, 846 P.2d 519 (1993).

[21]*Barberio*, 121 Wn.2d at 51.

[22]*Barberio*, 121 Wn.2d at 50.

tions that are now challenged. Instead, it corrected only the term of community placement to two years. Accordingly, we decline to address this new challenge.[23]

We affirm the judgment and sentence.

GROSSE and WEBSTER, JJ., concur.

Review denied at 138 Wn.2d 1003 (1999).

---

[23]We note that the Supreme Court rejected these challenges in *State v. Riles*, 135 Wn.2d 326, 957 P.2d 655 (1998) (finding the same testing requirements challenged here to be lawful conditions of community placement).