FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE  JUN 13 2013

~Madsen, CJ.
CHIEF JUSTICE

This opinion was filed for record
at 8:00 am, on June 13, 2013

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | |
| Respondent, | |
| v. | NO. 8 7 6 5 0 - 9 |
| ADRIAN CONTRERAS-REBOLLAR, | |
| Petitioner. | EN BANC |

PER CURIAM—In 2007 Adrian Contreras-Rebollar was found guilty of first degree assault and second degree unlawful possession of a firearm. On appeal the Court of Appeals affirmed the convictions but remanded for resentencing, *State v. Contreras-Rebollar*, noted at 149 Wn. App. 1001 (2009), issuing its mandate in April 2010. On remand the trial court resentenced Contreras-Rebollar and issued a resentencing order in July 2010. Contreras-Rebollar appealed again, and in March 2011, while the appeal was still pending, he filed a pro se personal restraint petition in the Court of Appeals challenging his convictions, which the court consolidated with the appeal. In August 2011 Contreras-Rebollar moved to file a supplement to his personal restraint petition. The Court of Appeals granted the motion, and Contreras-Rebollar filed a supplement on November 22, 2011. The Court of Appeals issued an opinion in June 2012 again remanding for resentencing but denying Contreras-Rebollar's personal restraint petitions, finding the original petition meritless and the

supplemental petition untimely. *State v. Contreras-Rebollar*, noted at 169 Wn. App. 1001 (2012). Contreras-Rebollar now seeks this court's review of the Court of Appeals' denial of his personal restraint petitions. For the reasons discussed below, the petition for review is granted in part.

A supplemental personal restraint petition may be filed if it is otherwise timely under the one-year time limit on collateral attack. *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 140, 196 P.3d 672 (2008). The one-year period commences when the judgment and sentence becomes final on direct appeal. RCW 10.73.090(3)(b). In finding Contreras-Rebollar's supplemental petition untimely, the Court of Appeals considered the date of finality the date it issued its mandate in Contreras-Rebollar's first appeal, April 14, 2010. But the court in that appeal remanded for resentencing. Thus, for purposes of triggering the time limit, the judgment and sentence was not yet final with the issuance of the appellate mandate. *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 954, 162 P.3d 413 (2007). And since in the second appeal the Court of Appeals again remanded for resentencing, finality of the judgment and sentence was further delayed. Contreras-Rebollar's supplemental petition, filed during the pendency of the second appeal, was therefore timely and should have been addressed on the merits. But Contreras-Rebollar does not show that the Court of Appeals' denial of his original personal restraint petition merits review.

Accordingly, the petition for review is granted in part and the matter is remanded to the Court of Appeals to address Contreras-Rebollar's supplemental personal restraint petition on the merits.