# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint of | No. 48111-1-II |
| RONALD SORENSON, | |
| Petitioner. | PART PUBLISHED OPINION |

LEE, J. — Ronald Sorenson filed this personal restraint petition (PRP) about 13 months after this court issued its mandate on his direct appeal. He asserts the petition is timely, despite the one year time-bar in RCW 10.73.090, because it was filed less than one year after the trial court corrected scrivener's errors on his judgment and sentence, as directed to do on remand. We hold his petition is time-barred because it was filed more than a year after the mandate on his direct appeal issued and the trial court did not exercise its independent judgment in correcting the scrivener's errors on remand.

In the unpublished portion of this opinion, we hold that even if Sorenson's petition is not time-barred, Sorenson fails to show that defense counsel was ineffective.

Accordingly, we dismiss Sorenson's PRP.

## FACTS

The State charged Sorenson with multiple counts of child molestation.[1]

---

[1] The factual basis for Sorenson's charges and convictions can be found in our unpublished opinion from Sorenson's direct appeal. *State v. Sorenson*, No. 43199-8-II, slip op. at 2-3 (Wash Ct. App. Jan. 28, 2014 (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2043199-8-II%20%20Unpublished%20Opinion.pdf.

No. 48111-1-II

*State v. Sorenson*, No. 43199-8-II, slip op. at 2 (Wash Ct. App. Jan. 28, 2014 (unpublished),

http://www.courts.wa.gov/opinions/pdf/D2%2043199-8-I%20%20Unpublished%20Opinion.pdf.

The jury convicted Sorenson of nine counts of child molestation. Sorenson appealed.

On January 28, 2014, in an unpublished decision, we affirmed Sorenson's convictions but

remanded to the superior court with instructions to correct the scrivener's errors in the judgment

and sentence. *Sorenson*, No. 43199-8-II, slip op. at 10. Specifically, we held:

> Sorenson's judgment and sentence incorrectly states the dates that Sorenson
> committed the offenses in counts 2, 3, and 9. Sorenson committed count 2 between
> March 9, 2002 and March 8, 2004; count 3 between March 9, 2003 and March 8,
> 2006; and count 9 between August 23, 2006 and August 22, 2009. We accept the
> State's concession and remand to the trial court for it to correct Sorenson's
> judgment and sentence on counts 2, 3, and 9 to accurately reflect when Sorenson
> committed those crimes.
>
> We affirm, but remand to correct scrivener's errors in Sorenson's judgment
> and sentence.

Br. of Resp't at App. B; *Sorenson*, No. 43199-8-II, slip op. at 10.

Sorenson appealed our decision to the Supreme Court. The Supreme Court denied review

on July 9. *State v. Sorenson*, 180 Wn.2d 1022, 328 P.3d 902 (2014). On August 12, we issued

our mandate to the trial court.

On September 3, Sorenson filed a "Waiver of Presence at Hearing for Correction of

Scrivener's Errors." Br. of Resp't at App. D (some capitalization omitted). In this filing, Sorenson

stated that he was "waiv[ing] [his] right to be present at the hearing for correction of scrivener's

errors in the judgment and sentence." Br. of Resp't at App. D. The record before us does not

contain further indication that a hearing was held.

2

No. 48111-1-II

On September 15, the trial court signed an order correcting Sorenson's judgment and sentence, as directed by our opinion. The trial court's order stated in part:

> IT IS HEREBY ORDERED, ADJUGED AND DECREED that in the Judgment and Sentence filed on March 8, 2012, in State of Washington v. RONALD LEE SORENSON, Clark County Cause No. 10-1-01995-2 shall reflect on Page 1, Section 2.1, Count 02 crime dates between March 9, 2002 and March 8, 2004; Count 03 crime dates between March 9, 2003 and March 8, 2006, and Count 09 between August 23, 2006 and August 22, 2009.

Br. of Resp't at App. D. The trial court's order was filed the following day, on September 16.

Sorenson filed this PRP on September 15, 2015.

ANALYSIS

A.    TIMELINESS OF PETITION

The threshold issue in Sorenson's collateral attack is whether his petition is timely. We hold that Sorenson's PRP is time-barred because it was filed more than one year after the mandate disposing of his direct appeal was issued, and the trial court did not exercise its discretion on remand in correcting the scrivener's errors, which would have restored the pendency of his appeal.

1.  Legal Principles

In relevant part, RCW 10.73.090 provides that:

(1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face . . . .
. . . .
    (3) For the purposes of this section, a judgment becomes final on the last of the following dates:
    (a) The date it is filed with the clerk of the trial court;
    (b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction.

3

Our Supreme Court has stated that, "pursuant to RCW 10.73.090[,] a judgment becomes final when all litigation on the merits ends." *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 949, 162 P.3d 413 (2007).[2] Thus, the question here is when did all litigation on the merits in Sorenson's case end when the mandate was issued or when the order correcting the judgment and sentence was filed?

In *Skylstad*, our Supreme Court considered whether a judgment was final while the defendant's sentence was still under appeal. *Id.* at 945. The timeline and procedural posture was determinative. *Id.* at 946.

On February 8, 2002, Skylstad was convicted in the trial court. *Id.* On October 7, 2003, the Court of Appeals affirmed the conviction but reversed the sentence. *Id.* On May 4, 2004, the Supreme Court denied review. *Id.* On May 14, 2004, the Court of Appeals issued its mandate. *Id.* On July 28, 2004, the trial court resentenced Skylstad, and he appealed his resentencing. *Id.* On October 11, 2005, the Court of Appeals affirmed Skylstad's appeal from the resentencing. *Id.* On November 21, 2005, Skylstad filed a PRP. *Id.* On December 15, 2005, the Court of Appeals dismissed the PRP as untimely, citing the May 14, 2004 mandate as the date of the final judgment. *Id.* On September 6, 2006, the Supreme Court denied review of Skylstad's appeal from the resentencing. *Id.* Finally, on September 15, 2006, the Court of Appeals issued its mandate on Skylstad's appeal from the resentencing. *Id.* at 947.

Our Supreme Court held that the Court of Appeals erred in relying on the May 14, 2004 mandate to dismiss Skylstad's PRP as time-barred. *Id.* at 946, 952. The court explained,

---

[2] None of the six exceptions to the one-year limitation noted in RCW 10.73.100 apply here.

"Skylstad's direct appeal from his conviction cannot be disposed of until both his conviction and sentence are affirmed and an appellate court issues a mandate terminating review of both issues." *Id.* at 954. The court reasoned that, because "'[t]he sentence is the judgment'" in criminal cases, the judgment is effectively vacated when a sentence is reversed. *Id.* at 950 (alteration in original) (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 82 L. Ed. 204 (1937)). Thus, when the mandate was issued on May 14, 2004, there was no judgment in place because the sentence had been reversed; rather, the mandate was issued only with respect to the conviction. *Id.* at 953. Therefore, the judgment was not final when the May 14, 2004 mandate was issued because litigation on the merits of Skylstad's sentence continued. *Id.* at 955.

Our Supreme Court also considered the timeliness of a supplemental PRP that was filed during the pendency of a second appeal in *State v. Contreras-Rebollar*, 177 Wn.2d 563, 565, 303 P.3d 1062 (2013). There, the Court of Appeals affirmed Contreras-Rebollar's convictions but reversed his sentence and remanded for resentencing because the State did not produce evidence of Contreras-Rebollar's criminal history and community custody status. *State v. Contreras–Rebollar*, noted at 149 Wn. App. 1001, 2009 WL 448902, at *6. The mandate was issued in April 2010. *Contreras-Rebollar*, 177 Wn.2d at 564. The trial court entered a resentencing order in July 2010. *Id.* Contreras-Rebollar then appealed that resentencing order. *Id.* In March 2011, while the appeal of his resentencing order was pending, he filed a PRP, which was consolidated with his appeal. *Id.* In August 2011, Contreras-Rebollar moved to supplement his PRP. *Id.* at 564-65. The motion was granted, and in November 2011, he filed the supplement. *Id.* at 565. In June 2012, the Court of Appeals again remanded for resentencing but denied the supplemental PRP as untimely. *Id.* In denying the supplemental PRP as untimely, the Court of Appeals relied on the

mandate issued on April 2010. *State v. Contreras-Rebollar*, noted at 169 Wn. App. 1001, 2012 WL 2499369, at \*10.

Our Supreme Court held that relying on the April 2010 mandate to determine the timeliness of the supplemental petition was error for the same reasons explained in *Skylstad*. *Contreras-Rebollar*, 177 Wn.2d at 565. Specifically, Contreras-Rebollar's appeal from his resentencing was still pending, and the fact that his sentence had been reversed meant that there was no final judgment until the litigation on the merits of his sentence was concluded. *Id.*

2. Sorenson's PRP is Time-Barred

In support of his assertion that his petition is timely, Sorenson cites to, without discussion, *Skylstad*, 160 Wn.2d 944 and *Contreras-Rebollar*, 177 Wn.2d 563. However, unlike in *Skylstad* and *Contreras-Rebollar*, Sorenson's sentence was not reversed. Also, unlike in *Skylstad* and *Contreras-Rebollar*, Sorenson's sentence was not being appealed when he filed his PRP. In fact, when Sorenson filed his PRP, no appeal was pending. In his direct appeal, Sorenson challenged his convictions and asked the appellate court to remand to correct what Sorenson called "scrivener's errors" in his judgment and sentence. *Sorenson*, No. 43199-8-II, slip op. at 1; Amended Br. of Appellant (cause no. 43199-8) at 13-14. We rejected Sorenson's challenges to his convictions, holding, "We affirm, but remand to correct scrivener's errors in Sorenson's judgment and sentence." *Sorenson*, No. 43199-8-II, slip op. at 10. In our opinion, we specified what the trial court was to do on remand:

> Sorenson's judgment and sentence incorrectly states the dates that Sorenson committed the offenses in counts 2, 3, and 9. Sorenson committed count 2 between March 9, 2002 and March 8, 2004; count 3 between March 9, 2003 and March 8, 2006; and count 9 between August 23, 2006 and August 22, 2009. We accept the State's concession and remand to the trial court for it to correct Sorenson's

judgment and sentence on counts 2, 3, and 9 to accurately reflect when Sorenson committed those crimes.

*Id.*

Where only corrective changes are made to a judgment and sentence by a trial court on remand, there is nothing to review on appeal. *State v. Barberio*, 121 Wn.2d 48, 51, 846 P.2d 519 (1993); *see also State v. Kilgore*, 167 Wn.2d 28, 40, 216 P.3d 393 (2009); *State v. Traicoff*, 93 Wn. App. 248, 257-58, 967 P.2d 1277 (1998) (barring challenges to community custody placement raised for the first time in a second appeal where the trial court on remand from the first appeal had corrected the terms of the community custody without revisiting placement conditions), *review denied*, 138 Wn.2d 1003 (1999). Our instructions left the trial court with no discretion as to the actions it could take on remand. If Sorenson disagreed with our directive, the proper place to raise that disagreement would have been in Sorenson's petition for review to our Supreme Court. When his petition for review to the Supreme Court was denied and we issued our mandate, all litigation on the merits of Sorenson's appeal ended and the judgment became final. *Skylstad*, 160 Wn.2d at 948-49.

This conclusion is consistent with our Supreme Court's holding in *Kilgore.* In *Kilgore*, our Supreme Court considered whether Kilgore's case had become final after the appellate court had reversed two of his convictions and affirmed the other five and the State declined to retry on remand. 167 Wn.2d at 34-35. On remand after direct appeal, the trial court merely corrected the judgment and sentence to reflect the reversed counts. *Id.* at 34. The Supreme Court noted that whether the judgment in Kilgore's case was final depended on whether the trial court on remand had exercised independent judgment; there can be no reviewable issue if the trial court does not

7

exercise independent judgment on remand. *Id.* at 41. The court held that by "simply correcting the original judgment and sentence, no appealable issues remained," and therefore, Kilgore's case was final "when the time to petition for certiorari elapsed 90 days following the issuance of our mandate." *Id.*

Here, our opinion provided a clear directive to the trial court, and it did not require the trial court to exercise any independent judgment or discretion on remand. Thus, as in *Kilgore*, the trial court did not exercise any independent judgment on remand. Instead, the trial court simply corrected the judgment and sentence to reflect the dates Sorenson committed the crimes. Because the trial court did not exercise its independent judgment, there was no appealable issue, and the pendency of the case ceased. *Kilgore*, 167 Wn.2d at 41. With no appealable issue pending, Sorenson's judgment and sentence became final when the mandate was issued. RCW 10.73.090(1), (3)(b). Therefore, Sorenson's PRP is time-barred because he filed it more than one year after the mandate was issued. RCW 10.73.090(3)(b).

*In re Personal Restraint of Adams*, 178 Wn.2d 417, 427, 309 P.3d 451 (2013), supports our conclusion. In *Adams*, Adams was convicted in 2000, but successfully challenged his offender score as facially invalid in a PRP and was resentenced in June 2009. *Id.* at 419. Adams did not appeal after resentencing. *Id.* at 421. But in October 2009, Adams filed a PRP alleging ineffective assistance of counsel for failing to inform Adams of a plea offer. *Id.* Adams argued the PRP was timely under RCW 10.73.090 because the judgment and sentence from 2000 was invalid, and that invalidity allowed him to challenge the effectiveness of his trial counsel. *Id.* at 422.

The *Adams* court held that the facial invalidity of his judgment and sentence did not waive the time-bar for Adams's ineffective assistance of counsel argument. *Id.* at 424-25. The court

reasoned that to hold otherwise would allow would-be petitioners to wait to raise fair trial claims until *after* the error that rendered the judgment and sentence facially invalid was corrected. *Id.* at 425.

Here, similar to the situation in *Adams*, Sorenson contends his PRP is timely because his judgment and sentence contained acknowledged errors. *Id.* at 419. Also, similar to *Adams*, Sorenson did not appeal the corrections to his judgment and sentence that this court ordered. *Id.* at 421. Allowing Sorenson to now raise his ineffective assistance of counsel claims would have the same undesired effect that was discussed in *Adams* of allowing fair trial claims to be raised *after* the error in the judgment and sentence was corrected. *Id.* at 425. Therefore, Sorenson's judgment and sentence became final on August 12, 2014 when the mandate was issued, and his PRP is time-barred.

Sorenson relies on his waiver to be present at the hearing to correct the scrivener's errors as proof that the corrections on his judgment and sentence were not ministerial. Sorenson asserts that his waiver shows he had a constitutional right to be present; therefore, the hearing on remand was not ministerial. We disagree.

For support, Sorenson cites to, without discussion, *State v. Ramos*, 171 Wn.2d 46, 48-49, 246 P.3d 811 (2011). A right to be present at sentencing exists when the sentencing court has authority to exercise discretion in the sentence. *Ramos*, 171 Wn.2d at 48. In *Ramos*, the court held that Ramos had a right to be present and heard at his resentencing after the Court of Appeals remanded to the trial court "to correct the judgment and sentence to state the exact term of community placement and specify any special conditions of placement." *Id.* Ramos had the right to be present at the hearing because the trial court was directed to "specify the 'special terms of

the placement,'" which required the trial court to "impose certain conditions of placement unless it waived those conditions, *and it had discretion* to impose additional special terms, such as crime-related prohibitions." *Id.* at 49 (quoting *State v. Ramos*, noted at 156 Wn. App 1041, 2010 WL 2487831, at *2) (emphasis added). The action taken by the trial court on resentencing was necessarily discretionary and not a ministerial correction. *Id.* However, "when a hearing on remand involves only a ministerial correction and no exercise of discretion, the defendant has no constitutional right to be present*." Id.* at 48.

Here, the trial court had no discretion in correcting the scrivener's errors. In Sorenson's direct appeal, we "remand[ed] to the trial court for it to correct Sorenson's judgment and sentence on counts 2, 3, and 9 to accurately reflect when Sorenson committed those crimes." *Sorenson*, No. 43199-8-II, slip op. at 10. We instructed the trial court on what dates to enter with respect to each count. *Id.* There was no potential for a different sentence to be given. This was, therefore, a ministerial correction and did not allow the trial court to exercise any discretion. Therefore, Sorenson did not have a constitutional right to be present, and his decision to not attend the proceedings does not somehow render them ministerial.

Finally, Sorenson contends in his reply brief that "[t]he correction of the 'scrivener's errors' was not simply clerical or ministerial," and cites to *State v. Fort*, 190 Wn. App. 202, 246-47, 360 P.3d 820 (2015), *review denied*, 185 Wn.2d 1011 (2016), for support. Pet'r's Reply Br. at 3. We disagree.

In *Fort*, the appellant filed his PRP, alleging violations of his public trial rights, before the appellate court had issued its opinion on his direct appeal. *Id.* at 213-14. Subsequently, the appellate court affirmed Fort's convictions but reversed his sentence, and the case was remanded

for resentencing in September 2007. *Id.* at 214. The mandate was issued in December 2007. *Id.* In January 2008, the trial court held a hearing on Fort's resentencing and heard Fort's motion for a new trial on the grounds that his public trial right was violated. *Id.* at 215. In February 2008, Fort filed his second appeal, seeking review of the denial of his motion for new trial. *Id.* at 216-17. Fort's PRP and second appeal were consolidated and, in an amendment to his PRP, Fort raised an ineffective assistance of counsel argument for failing to raise the public trial violation claim. *Id.* at 244.

The *Fort* court held that the amendment to the PRP was not time-barred. *Id.* at 247. The court reasoned that the reversal and remand to the trial court required the trial court to exercise its discretion in resentencing "rather than merely effecting a clerical change," and the second appeal was still pending. *Id.* at 246-47. Thus, Fort's PRP "precedes finality and is thus timely." *Fort*, 190 Wn. App. at 247.

*Fort* is distinguishable. First, here, there is no second appeal pending. Sorenson has filed one appeal, and the mandate for that appeal was issued before Sorenson filed this PRP. Second, when we remanded Sorenson's case to the trial court, the trial court was afforded no discretion in its actions on remand. Therefore, the holding in *Fort* supports our holding here: that Sorenson's judgment and sentence became final on August 12, 2014 when the mandate was issued, and Sorenson's PRP is not timely because it was filed more than one year after the mandate was issued and litigation on the merits ceased.

On remand, the trial court had no discretion in correcting Sorenson's judgment and sentence. Therefore, we hold that Sorenson's PRP is time-barred because he filed the PRP more than one year after the mandate was issued.

A majority of the panel having determined that only the foregoing portion of this opinion will be published in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

UNPUBLISHED TEXT FOLLOWS

We recognize that our opinion operates to bar Sorenson's collateral attack. But even if Sorenson's petition is not time-barred, Sorenson's ineffective assistance argument fails.

FACTS

Before trial, Sorenson moved for a continuance. Sorenson's counsel cited five reasons for requesting the continuance. First, counsel reminded the court that the State had added charges related to a new victim about a month and a half before. Counsel said that he had interviewed the recently named victim and victim's mother, but needed to follow up on comparing Sorenson's work schedule with the victim's mother's work schedule. Second, counsel said there was a communication he needed to retrieve from Facebook. Third, Sorenson's attorney said he needed to transcribe an interview. Fourth, Sorenson's attorney stated that Sorenson had a list of 72 witnesses that Sorenson wanted his attorney to call, and that because counsel did not have contact information for all of those witnesses, interviewing those potential witnesses would require more time. Sorenson's attorney conceded that most of those witnesses would be character witnesses. Fifth, Sorenson's attorney stated that he had only been on the case for six months. Additionally, Sorenson's attorney noted that he had not spoken to Sorenson's ex-wife. The motion was denied.

During the presentation of motions in limine before trial started the following week, the parties discussed with the trial court the defense's potential witness list. The State objected to the potential witnesses' testimony based on the content of its summary. The State argued that the

testimony was both irrelevant and inadmissible character evidence. Sorenson's attorney explained that these witnesses were those that Sorenson had wanted and that what was listed as the summary of the testimony was actually a summary of the conversations that he had with them. The trial court ruled that if the defense decided to call these witnesses, the defense should make an offer of proof as to the expected testimony beforehand.

## ANALYSIS

### INEFFECTIVE ASSISTANCE OF COUNSEL

Sorenson argues that he was denied effective assistance of counsel at trial because his counsel was not prepared for trial and did not retain an expert to testify in support of an implanted memory defense. We hold that Sorenson's ineffective assistance argument fails.

1.      Legal Principles

When considering a personal restraint petition, courts may grant relief to a petitioner only if the petitioner is under an unlawful restraint as defined by RAP 16.4(c). *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 16, 296 P.3d 872 (2013). The petitioner's allegations of prejudice must present specific evidentiary support. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 885-86, 828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992). Such support may come from the trial court record, but "[i]f the petitioner's allegations are based on matters outside the existing record, the petitioner must demonstrate that he has competent, admissible evidence to establish the facts that entitle him to relief," which may include affidavits or other corroborative evidence. *Id.* Bald assertions and conclusory allegations are insufficient support. *Id.*

When claiming relief based on an error at the trial court, the petitioner in most cases must demonstrate the existence of actual and substantial prejudice due to constitutional error or the

existence of a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013); *Yates*, 177 Wn.2d at 17. A petitioner claiming ineffective assistance of counsel, however, necessarily establishes actual and substantial prejudice if the standard of prejudice applicable on direct appeal is met. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

The right to effective assistance of counsel is afforded criminal defendants by the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution. *Strickland v. Washington*, 466 U.S. 668, 684-85, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Thomas*, 109 Wn.2d 222, 229, 743 P.2d 816 (1987). Establishing ineffective assistance of counsel requires a showing of both deficient performance and resulting prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Thus, Sorenson must demonstrate that "'(1) that his counsel's performance fell below an objective standard of reasonableness and, if so, (2) that [his] counsel's poor work prejudiced him.'" *In re Pers. Restraint of Khan*, 184 Wn.2d 679, 688, 363 P.3d 577 (2015) (quoting *State v. A.N.J.*, 168 Wn.2d 91, 109, 225 P.3d 956 (2010)). If Sorenson fails to satisfy either prong, we need not inquire further. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996). There is a strong presumption of effective assistance, and Sorenson bears the burden of demonstrating the absence of a strategic reason for the challenged conduct. *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002).

Providing effective counsel does not require that defense counsel interview every conceivable witness. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 739, 101 P.3d 1 (2004) (quoting *Bragg v. Galaza*, 242 F.3d 1082, *amended on denial of reh'g*, 253 F. 3d 1150 (9th Cir.

2001)). "Generally the decision whether to call a particular witness is a matter for differences of opinion and therefore presumed to be a matter of legitimate trial tactics." *Id.* at 742. But this presumption can be overcome "by showing counsel failed to conduct appropriate investigations to determine what defenses were available, adequately prepare for trial, or subpoena necessary witnesses." *Id.*

When seeking relief from counsel's claimed failure to investigate, the defendant "must show a reasonable likelihood that the investigation would have produced useful information not already known to defendant's trial counsel." *Id.* at 739. Even where a defendant is able to "show that exculpatory evidence unknown to trial counsel would have been uncovered by further investigation or interview," such showing is considered "'in light of the strength of the government's case.'" *Id.* (quoting *Rios v. Rocha*, 299 F.3d 796, 808-09 (9th Cir. 2002)).

2.    Preparedness for Trial

Sorenson argues he received ineffective assistance of counsel because his attorney was not prepared to go to trial. Sorenson contends that his attorney "acknowledged he was unprepared for trial," "had not interviewed the defense witnesses," "and was not ready to present a defense." Br. of Pet'r at 9. We disagree.

Sorenson cites counsel's statements in the oral motion for a continuance. In his motion for a continuance, Sorenson's counsel argued that (1) the State had added charges related to a new victim about a month and a half before, (2) there was a communication that he needed to retrieve from Facebook, (3) he needed to transcribe an interview, and (4) he had only been Sorenson's attorney for approximately six months, and (5) Sorenson had given him a list of 72 witnesses that he wanted called, but had not provided all of the contact information yet.

15

However, Sorenson fails to show his counsel rendered deficient performance. Sorenson's counsel interviewed the victim who was added to the information a month and a half before, along with the victim's mother, and all that was needed was to compare Sorenson's work schedule with the victim's mother's work schedule. Nothing before us suggests that the comparison was not completed or explains why it was necessary. Sorenson's counsel told the trial court that he had a plan to research the Facebook communication, and nothing suggests the research was not completed or explains why it was necessary. Similarly, no explanation is given for why the transcription was needed, nor is there information in the record that suggests the transcription was not completed. Additionally, no authority has been identified that supports the theory that being assigned to a case for six months is too short of an amount of time to be prepared to go to trial. And finally, the record shows that Sorenson's counsel interviewed at least some of the 72 witnesses Sorenson identified, documented the interviews, determined that their testimony would be inadmissible character evidence or otherwise unhelpful, but added some of them to the defense's potential witness list. Therefore, in light of the record, Sorenson fails to show that his counsel's performance fell below an objective standard of reasonableness.

3.      Failure to Secure an Expert

Sorenson argues he received ineffective assistance of counsel "when counsel failed to secure an expert witness to testify in support of the suggestive or implanted memory defense." Br. of Pet'r at 12. In support, Sorenson cites *State v. A.N.J.*, 168 Wn.2d 91, 112, 225 P.3d 956 (2010) for the proposition that "effective assistance also required securing an expert witness to evaluate the circumstances of [the victims'] recollection as being a response to the suggestion of

molestation by [Sorenson's ex-wife]." Br. of Pet'r at 10-11. However, *A.N.J.* fails to support his argument.[3]

Sorenson also asserts that funding was secured for a memory expert and cites to Clerk's Papers (CP) at 49 and 1 VRP at 44. However, those record cites do not support his position. CP 49 is jury instruction 13, which is a to-convict instruction for second degree child molestation, and 1 VRP at 44 contains no mention of funding for an expert. The record does not show that funds were ordered for an expert.[4]

In the absence of any supporting authority, we hold that this argument fails. RAP 10.3; *State v. Cox*, 109 Wn. App. 937, 943, 38 P.3d 371 (2002) (holding that where an appellant fails to provide argument or authority, this court is "not required to construct an argument on behalf of appellants"); *see also State v. Manajares*, 197 Wn. App. 798, 810, 391 P.3d 530 (2017) ("Where no authorities are cited in support of a proposition, we are not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

---

[3] Sorenson cites to page 112 of the *A.N.J.* opinion, wherein the court discusses the issue of whether the county's public defender contract created an incentive for attorneys to not investigate their client's cases or hire experts. *A.N.J.*, 168 Wn.2d at 112.

[4] The record shows that defense counsel mentioned "Dr. Reesburg" during his motion for continuance. 1 VRP at 30. Defense counsel stated, "And also, just, I think we talked about Dr. Reesburg in my memorandum. I talked to him, and he's not going to be a factor in this case, that I see." 1 VRP at 29-30. There is no other mention of a doctor or "Reesburg" elsewhere in the record. We approach ineffective assistance of counsel claims with the strong presumption that counsel's representation was effective *Davis*, 152 Wn.2d at 673. Sorenson bears the burden to rebut this strong presumption by "'proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.'" *Id.* (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986)). But, from the record, it appears defense counsel made an informed tactical decision not to call "Dr. Reesburg."

We hold that Sorenson fails to show defense counsel rendered ineffective assistance. Therefore, his challenge fails.

CONCLUSION

We hold that because the trial court did not exercise its independent judgment in correcting the scrivener's errors on remand, Sorenson's PRP, filed more than a year after the mandate was issued, is time-barred.  Nonetheless, reaching the merits of Sorenson's petition, we hold that Sorenson fails to show his counsel provided ineffective assistance, and his claim fails.

We dismiss Sorenson's PRP.

_____

Lee, J.

We concur:

_____

Worswick, J.

_____

Bjorgen, C.J.