# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 57973-1-II |
| FREDI F. GUADARRAMA IVANEZ, | |
| | UNPUBLISHED OPINION |
| Petitioner. | |

GLASGOW, J.—Fredi Guadarrama Ivanez seeks relief from personal restraint imposed following his guilty plea to two counts of first degree child molestation, one count of second degree child molestation, and one count of third degree child rape in Grays Harbor Superior Court cause number 20-1-00441-14. Guadarrama[1] seeks to withdraw his guilty plea, arguing that his plea was not voluntary, that he received ineffective assistance of counsel, that RCW 9A.44.020(1) is unconstitutional, that his plea was not supported by a factual basis, and that his indeterminate life sentence is unconstitutional. We disagree and deny his petition.

## FACTS

The State charged Guadarrama with four counts of first degree child molestation, one count of first degree child rape, two counts of second degree child molestation, and two counts of third degree child rape for incidents involving four separate child victims.

---

[1] The trial court inquired with the petitioner as to his correct name, and Guadarrama informed the court that Guadarrama was his correct name. Verbatim Rep. of Proc. (Feb. 18, 2022) at 38. Accordingly, we refer to him as Guadarrama throughout this opinion.

Guadarrama agreed to plead guilty to two counts of first degree child molestation, one count of second degree child molestation, and one count of third degree child rape in exchange for the other charges being dropped and a recommended minimum sentence at the low end of the standard sentence range. The plea agreement explained, "The current offense is subject to indeterminate sentencing pursuant to RCW 9.94A.507." Clerk's Papers (CP) at 25. The agreement further noted that the maximum term for the two counts of first degree child molestation was life in prison and that the State would recommend a sentence of 149 months in prison—the low end of the standard sentencing range.

At a change of plea hearing, the trial court questioned Guadarrama about his intention to plead guilty. As the court went over the charges and asked Guadarrama how he wanted to plead to each, it appeared that Guadarrama needed more time to understand the charges and the proceedings at hand. The trial court continued the change of plea hearing to allow Guadarrama, his counsel, and Guadarrama's interpreter more time to confer. The parties reconvened a week later, and Guadarrama informed the court he intended to plead guilty to the charges.

Guadarrama's written statement on plea of guilty noted that his standard sentence range was 149-198 months with a maximum term of life. The statement on plea of guilty also acknowledged that "the judge will impose a maximum term of confinement consisting of the statutory maximum sentence of the offense and a minimum term of confinement either within the standard range for the offense or outside the standard range if an exceptional sentence is appropriate." CP at 35. Additionally, the statement acknowledged that the trial court was not bound to follow any particular recommendation for the sentence. The statement included, "I make this

2

plea freely and voluntarily," and "My lawyer has explained to me, and we have fully discussed, all of the above paragraphs." CP at 41-42.

When reviewing the charges and accompanying sentence ranges with Guadarrama, the court explained:

> The maximum punishment for the crime of child molestation in the first degree is life in prison and/or a fine of $50,000. If you plead guilty to the two counts of child molestation in the first degree, the Court must sentence you to a period of incarceration of not less than 149 months and not more than 198 months. . . . If you plead guilty to these crimes today, at the time that you are sentenced the prosecuting attorney is going to make recommendations to the Court regarding the sentence to be imposed.
>
> For the charges of child molestation in the first degree, the prosecuting attorney is going to recommend that you be ordered to serve 149 months in prison on each of those two charges which represents the bottom of the sentencing range. . . . After you complete the period of incarceration that is ordered by the Court and you are released from prison, you will be on community custody for the remainder of your life for the charges of child molestation in the first degree.

Verbatim Rep. of Proc (VRP) (Feb. 18, 2022) at 40-41.

The trial court reviewed the factual accusations for each charge, and Guadarrama pleaded guilty as charged. The trial court noted that it had reviewed the declaration in support of probable cause, and the court made a finding based upon that declaration and Guadarrama's admissions that a factual basis existed to support the guilty plea on each count. The court also found that Guadarrama fully understood his constitutional rights, made a knowing waiver of those rights, and acted voluntarily.

The trial court then explained that the next step would be for the Department of Corrections to conduct a presentence investigation. Guadarrama's counsel confirmed that had been discussed with Guadarrama ahead of time.

At sentencing, the State recommended the trial court impose a minimum sentence of 149 months. The Department's presentence report found that Guadarrama had been "predatory, opportunistic, and [he] engaged in grooming behaviors," and it recommended a minimum sentence at the top end of the sentencing range. VRP (Mar. 25, 2022) at 52. The trial court agreed with the Department's conclusions and sentenced Guadarrama to an indeterminate sentence of 198 months to life.

Guadarrama did not appeal his judgment and sentence, but he filed a timely personal restraint petition. After initial consideration under RAP 16.11(b), our Chief Judge determined that the issues raised by his petition were not frivolous. Accordingly, this court appointed Guadarrama counsel and referred the petition to this panel for consideration. Appointed counsel filed a brief arguing issues raised in Guadarrama's petition. However, in the meantime, Guadarrama also filed a supplemental petition arguing that RCW 9A.44.020(1) is unconstitutional, but he filed this supplemental petition after the one year time limit for filing a personal restraint petition. *See* RCW 10.73.090.

## ANALYSIS

Because collateral relief is an extraordinary remedy that seeks to disturb a final judgment, the petitioner must meet a high standard to obtain relief. *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 12, 513 P.3d 769 (2022). A petitioner must establish by a preponderance of evidence either a constitutional error that has resulted in actual and substantial prejudice, or a nonconstitutional error that constitutes a fundamental defect resulting in a complete miscarriage of justice. *In re Pers. Restraint of Dove*, 196 Wn. App. 148, 154, 381 P.3d 1280 (2016).

I. VOLUNTARY PLEA

Guadarrama argues that his guilty plea was not knowing, intelligent, and voluntary because he was not informed of the direct consequences of his plea. Specifically, he contends he was not informed of the possibility that he could be sentenced to an indeterminate life sentence. We disagree.

A claim that a guilty plea is involuntary alleges a constitutional error. *State v. Buckman*, 190 Wn.2d 51, 57 n.2, 409 P.3d 193 (2018). "'Due process requires . . . a showing the accused understands the nature of the charge and enters the plea intelligently and voluntarily.'" *Id*. at 59 (quoting *State v. A.N.J.*, 168 Wn.2d 91, 117, 225 P.3d 956 (2010)). "[T]he person pleading guilty [must] understand[] the plea's consequences, including possible sentencing consequences." *Id*. "'[M]isinformation regarding a direct consequence of the plea,'" can render the plea involuntary. *Id*. (quoting *State v. Mendoza*, 157 Wn.2d 582, 591, 141 P.3d 49 (2006)).

"When a defendant completes a plea statement and admits to reading, understanding, and signing it, this creates a strong presumption that the plea is voluntary." *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). If the trial court "'inquire[s] orally of the defendant and satisfies [itself] on the record of the existence of the various criteria of voluntariness, the presumption of voluntariness is well[-]nigh irrefutable.'" *State v. Knotek*, 136 Wn. App. 412, 428-29, 149 P.3d 676 (2006) (quoting *State v. Perez*, 33 Wn. App. 258, 262, 654 P.2d 708 (1982)).

Guadarrama contends that he was not informed that there was a possibility that he would be sentenced to an indeterminate life sentence if he pleaded guilty. But the record does not support his contention. The plea agreement explained, "The current offense is subject to indeterminate sentencing pursuant to RCW 9.94A.507." CP at 25. The agreement further noted that the maximum

term for the two counts of first degree child molestation was life in prison. Former RCW 9.94A.712 (2001), *recodified as* 9.94A.507(3) (Laws of 2008, ch. 231, § 56),[2] requires an adult convicted of first degree child molestation be sentenced to a minimum and maximum term, with the maximum term being the statutory maximum for the offense—here, life in prison. The statement on plea of guilty acknowledged that "the judge will impose a maximum term of confinement consisting of the statutory maximum sentence of the offense and a minimum term of confinement either within the standard range for the offense or outside the standard range if an exceptional sentence is appropriate." CP at 35.

Guadarrama's statement on plea of guilty also provided that he made his plea freely and voluntarily and that his lawyer had explained everything within the plea to him. At the plea hearing, Guadarrama informed the trial court that he made his decision to plead guilty voluntarily and that he understood the terms within the plea agreement and statement on plea of guilty. The trial court found that Guadarrama's plea was voluntary. Nothing in the record here overcomes our presumption of voluntariness. *Knotek*, 136 Wn. App. at 428-29.

Moreover, Guadarrama cannot establish actual and substantial prejudice. To establish actual and substantial prejudice in the context of a constitutionally defective guilty plea, the petitioner must show "that the defendant would more likely than not have refused to plead guilty and would have insisted on going to trial." *Buckman*, 190 Wn.2d at 65. In his supplemental brief, Guadarrama contends that if he had known that he faced the possibility of a life sentence, he would

---

[2] We will refer to the current, recodified statute, RCW 9.94A.507(3), rather than the former statute throughout this opinion.

have rejected the plea offer and contested the charges at trial. But this bare allegation is not supported by Guadarrama's declaration or any other sworn statement.

Nothing in the record demonstrates that it would have been rational to reject the State's plea agreement. Guadarrama was charged with four counts of first degree child molestation, one count of first degree child rape, two counts of second degree child molestation, and two counts of third degree child rape. The State appeared to have a strong case, including a confession from Guadarrama. If Guadarrama was ultimately convicted after trial on the original charges, he faced a lengthy sentence. And given his offender score of 9 and the number of charges against him, Guadarrama would have faced an unpunished crimes enhancement that could have potentially been used to impose an exceptional sentence. *See* RCW 9.94A.535(2)(c).

Guadarrama's plea agreement eliminated this risk. The State agreed to recommend a minimum term of 149 months—the low end of the standard sentencing range—and to not seek the unpunished crimes enhancement. The plea agreement presented significant benefits to Guadarrama, and there is nothing in the record before us that establishes a rational reason why Guadarrama would have rejected the offer and proceeded to trial.

Guadarrama fails to show that his plea was not made knowingly, intelligently, and voluntarily. Nor does he establish that he was actually and substantially prejudiced by any constitutional error. Guadarrama's claim for relief on this issue therefore fails.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Guadarrama also argues that he received ineffective assistance of counsel at the plea stage. We disagree.

Article I, section 22 of the Washington Constitution and the Sixth Amendment to the United States Constitution both guarantee effective assistance of trial counsel. *State v. Grier*, 171 Wn.2d 17, 40, 246 P.3d 1260 (2011). The right to effective assistance extends to "every critical stage of the criminal proceeding." *In re Pers. Restraint of Garcia-Mendoza*, 196 Wn.2d 836, 840, 479 P.3d 674 (2021). This includes counsel assisting a defendant to make an informed decision as to whether to plead guilty or proceed to trial. *State v. Drath*, 7 Wn. App. 2d 255, 267, 431 P.3d 1098 (2018); *see also In re Pers. Restraint of McCready*, 100 Wn. App. 259, 263, 996 P.2d 658 (2000). Guadarrama must show that his counsel's performance was deficient and that counsel's performance prejudiced him. *Grier*, 171 Wn.2d at 32-33. A failure to prove either prong ends our inquiry. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

To show prejudice when a petitioner pleaded guilty, the petitioner must show that there is a reasonable probability that the petitioner would not have pleaded guilty and would have instead insisted on proceeding to trial. *State v. Sandoval*, 171 Wn.2d 163, 174-75, 249 P.3d 1015 (2011); *Buckman*, 190 Wn.2d at 65. "A 'reasonable probability' exists if the defendant 'convince[s] the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Sandoval*, 171 Wn.2d at 175 (alteration in original) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)). "Rationality is an objective inquiry informed by the circumstances of the defendant." *Buckman*, 190 Wn.2d at 66-67. Therefore, "'[a] bare allegation that a petitioner would not have pleaded guilty if he had known all the consequences of the plea is not sufficient to establish prejudice,' regardless of whether that allegation is credible or not." *Id*. at 67 (alteration in original) (quoting *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 782, 863 P.2d 554 (1993)).

Guadarrama contends that his counsel failed to adequately investigate the charges against him, pressured him to take a plea deal, and often failed to provide an interpreter at their meetings. However, Guadarrama's only assertion related to prejudice is that if defense counsel had explained the nature of the case, "it's reasonably probable that [he] would have went to trial and the results would have been much different if not acquittal." Pers. Restraint Pet. at 6. This bare allegation that Guadarrama might not have gone to trial is insufficient to show prejudice.

As previously established, nothing in the record demonstrates that it would have been rational to reject the State's plea agreement. The plea agreement presented significant benefits to Guadarrama and there is nothing in the record before us that establishes a rational reason why Guadarrama would have rejected the offer and proceeded to trial had his counsel's performance been different. Therefore, Guadarrama has failed to establish prejudice and his ineffective assistance of counsel claim must fail.

### III. CONSTITUTIONALITY OF RCW 9A.44.020(1)

In a supplemental petition filed after his original personal restraint petition, Guadarrama also challenges the constitutionality of RCW 9A.44.020(1). An amendment or supplement to a petition may be filed, but the amendment itself must also be timely or exempt from the time limit to be considered on the merits. *In re Pers. Restraint of Rhem*, 188 Wn.2d 321, 327, 394 P.3d 367 (2017); *State v. Contreras-Rebollar*, 177 Wn.2d 563, 565, 303 P.3d 1062 (2013); *In re Pers. Restraint of Haghighi*, 178 Wn.2d 435, 446, 309 P.3d 459 (2013). In other words, if the original petition was timely, an untimely amendment does not "relate back" to the original petition. *Haghighi*, 178 Wn.2d at 446. The Rules of Appellate Procedure specifically require that amendments to petitions raising additional grounds for relief comply with the time requirements

of RCW 10.73.090 and RCW 10.73.100. *See* RAP 16.8(e). For otherwise untimely petitions to merit relief, the petitioner must show that the judgment and sentence is facially invalid, the trial court lacked jurisdiction, or one of the exceptions contained in RCW 10.73.100 applies to each claim. RCW 10.73.090; *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

Guadarrama filed his supplemental petition on May 10, 2023, more than one year after his judgment and sentence became final. RCW 10.73.090(3)(a). His arguments made in his supplemental petition do not establish that his judgment and sentence is facially invalid or show that the trial court lacked jurisdiction. Nor does he show that this claim falls under any exception to the one-year time bar. Accordingly, this claim is time barred, and we do not address it further.[3]

## IV. INDETERMINATE SENTENCE

Guadarrama also challenges the constitutionality of his indeterminate sentence with a maximum term of life. He argues that the term "statutory maximum" should be interpreted to mean the high end of the standard sentencing range. We disagree.

Under RCW 9.94A.507, an offender convicted of first degree child molestation must be sentenced to an indeterminate sentence with a minimum and maximum term. RCW

---

[3] We note that this does not render Guadarrama's timely filed claims subject to dismissal under the mixed petition rule. The mixed petition rule may apply where a personal restraint petition claiming multiple grounds for relief was filed after the one-year time limit, and at least one of those claims was time barred. RCW 10.73.100 ("The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds…."). But claims that are filed within the one-year time limit, claims that render the judgment and sentence facially invalid, and claims asserting that the trial court lacked jurisdiction are addressed on their merits under RCW 10.73.090. *See, Haghighi*, 178 Wn.2d at 445-56 (dismissing one claim as untimely but also addressing the merits of another claim filed before the one-year time limit expired without applying the mixed petition rule); *see also In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 349-52, 5 P.3d 1240 (2000).

9.94A.507(1)(a)(i), (3)(a). "The maximum term shall consist of the statutory maximum sentence for the offense." RCW 9.94A.507(3)(b). First degree child molestation is a class A felony. RCW 9A.44.083. The maximum sentence for a class A felony is life imprisonment. RCW 9A.20.021(1)(a).

Here, the trial court imposed a sentence consistent with RCW 9.94A.507 by imposing a minimum term of 198 months and a maximum term of life imprisonment. Nevertheless, Guadarrama argues that statutory maximum must mean the high end of the standard sentencing range based on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Guadarrama's reliance on *Blakely* is misplaced.

*Blakely* applied the rule expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000): "'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" 542 U.S. at 301 (quoting *Apprendi*, 530 U.S. at 490). The court noted that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id*. at 303 (emphasis omitted). Further, "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum [the court] may impose without any additional findings." *Id*. at 303-04 (emphasis omitted).

Although *Blakely* and *Apprendi* both use the term "statutory maximum," it has a different meaning than the term statutory maximum as used for the purposes of setting the maximum term of an indeterminate sentence under RCW 9.94A.507. And RCW 9.94A.507 specifically identifies the maximum term as the statutory maximum and the minimum term as a sentence within the

standard range or an exceptional sentence outside the standard range if the offender is eligible for an exceptional sentence. RCW 9.94A.507(3). Therefore, in this context of indeterminate sentences, the legislature clearly intended the statutory maximum to mean the statutory maximum as defined in RCW 9A.20.021(1), rather than merely the high end of the standard sentencing range. Accordingly, there was no violation of *Blakely* here—the statute authorizes the trial court to impose such a sentence without finding additional facts. Guadarrama fails to establish that he is entitled to relief on this ground.

## V. SUFFICIENT EVIDENCE

Guadarrama also appears to challenge the factual basis of the plea, denying ever having sexual contact with the victims. But Guadarrama pleaded guilty, and the trial court found that a factual basis supported his plea. "By pleading guilty, a defendant admits factual and legal guilt for the charged crime." *In re Pers. Restraint of Bybee*, 142 Wn. App. 260, 268, 175 P.3d 589 (2007). Guadarrama agreed the trial court could review the statement of probable cause. The statement of probable cause provides sufficient factual basis to support Guadarrama's guilty plea.

## CONCLUSION

Guadarrama fails to establish by a preponderance of evidence either argument: a constitutional error that has resulted in actual and substantial prejudice, or a nonconstitutional error that constitutes a fundamental defect resulting in a complete miscarriage of justice. Accordingly, Guadarrama's personal restraint petition is denied.

No. 57973-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

LEE, P.J.

PRICE, J.

13